GRAVES AND WIFE, ADM'RS v. WHITE.

See this case for circumstances under which it was held that it appeared from the record of a former judgment, that the case had not been determined upon the merits.

Where the record of a former judgment leaves it in doubt whether it was rendered upon the merits or not, oral testimony is admissible to determine the fact.

Appeal from Washington. Action by the appellants, as administrators of Frederick Niebling, against the appellee, to revive a judgment in favor of Niebling against the defendant, and another since deceased; commenced September 12th, 1853. Plea of former judgment. At the trial the defendant gave in evidence the former judgment. The plaintiffs offered to prove by the testimony of persons who had been present at the former trial, that the judgment was not rendered on the merits, but on the ground that the plaintiffs had failed to prove that they were administrators as alleged. The testimony was rejected; and the Judge instructed the jury that the former judgment was conclusive. The former action had been brought by these plaintiffs against this defendant to revive the same judgment. The defendant excepted on the ground that there was no sufficient averment as to the time when execution issued; pleaded payment, and denied representative capacity of the plaintiffs. The case was submitted to the Court without a jury; judgment for the defendant that he go hence, &c.; motion for a new trial on the ground that the Court, by deciding on the whole case, without first deciding on the admissibility of plaintiffs' letters of administration, had taken the plaintiffs by surprise, and deprived them of the opportunity of taking a nonsuit. Motion granted "upon the payment of all costs on or before the first day of the next Term of the Court." This was at the Spring Term, 1852. Fall Term, 1852, nonsuit; and nonsuit set aside and cause continued. Spring Term,

1853, after the publication of Secrest v. Best, 6 Tex. R. 199, on motion of the defendant, the suit was dismissed on the ground that judgment had been rendered in favor of the defendant at the Spring Term, 1852.

*Giddings & Giddings*, for appellants:

LIPSCOMB, J.   The record in this case shows that it was a proceeding to revive a judgment rendered in favor of the appellants' intestate against one Crosby and the appellee White, by a process called a *scire facias* ; that there had been a previous *scire facias* sued out for the same object, in which the Court had rendered judgment for the defendant, the appellee in this suit ; that the exceptions had been filed to the writ and also a plea to the merits ; that the case had been submitted to the Judge without a jury by consent of parties ; that the former judgment rendered by the Court in favor of the defendant, was plead in bar to this action ; and the Court instructed the jury, at the request of the defendant's counsel, that the former judgment was a bar to this suit.   There was a verdict for the defendant and plaintiff appealed, and assigns the charge of the Court, as stated above, as error.

The fact that the case in which the former judgment was rendered, was submitted to the Court to pass on the exceptions to the writ, and also on the merits, and the judgment not designating on what ground the Court rested its opinion, has produced some embarrassment in this case ; but we believe that by reference to the pleading and the statement of facts, it will be obvious that the decision was based on the insufficiency of the writ, and not on the plea that the judgment had been satisfied or any other plea, in bar of the suit to revive the judgment.   The statement of the facts does not show that there was any proof that the judgment had been satisfied, or any other fact in bar of the right of the action: and we are therefore bound to conclude that the judgment was on the de-

fects in the writ, assigned and pointed out by the exceptions, and was no bar to another writ. We think the Court erred in giving the charge asked by the defendant's counsel, and it is not necessary to notice any other error assigned. The judgment is reversed and the cause remanded for a new trial.

*J. Willie*, for appellee, for a re-hearing. It nowhere appears by the record that the writ was excepted to.

The issues then before the District Court were: First. Had the plaintiff shown herself to be the administratrix of the estate of Niebling?

Secondly. Had the judgment been paid?

Upon which of these issues the judgment was rendered does not appear. Either defence, however, would have been meritorious.

There is nothing to indicate the true ground of the judgment, except that it appears on the trial of this cause when this judgment was plead in bar, that "the plaintiff offered "to prove by oral testimony that on the trial of the case be-"tween the same parties to revive the same judgment now "sought to be revived, that the judgment rendered on the 4th "of March, 1852, was rendered upon an exception to the right "of the parties to sue."

The meaning of which is that the judgment was rendered on the ground that the plaintiff did not prove herself to be the administratrix of the estate of Niebling.

It would certainly have been most extraordinary if the District Judge had allowed the proof to be made. But, had it been admitted, and had the fact been proved, the judgment would have been a complete bar; for most certainly no party would have had a right to revive the judgment who was not in fact the representative of Niebling's estate.

These considerations are respectfully submitted, and the Court is asked again to examine the record for it is humbly conceived that there is nothing in the record which would authorize a reversal.

Graves v. White.

LIPSCOMB, J. The counsel for the appellee has presented for our consideration a petition for a re-hearing in this case, on the ground that the Court had not correctly understood the record, in supposing that exceptions, not to the merits, had been submitted to the Court, together with a defence to the merits. We still believe that we were right, and that an exception that did not go to the merits was submitted with the plea of payment. The record is, however, somewhat obscure, and possibly the decision may have been on the plea to the merits and this very obscurity should have opened the door to testimony by parol or oral testimony to prove what really was decided by the Court.

And there was an assignment of errors not disposed of in our opinion, and that was that the Court below erred in refusing to permit the plaintiff to prove by oral testimony, that the former judgment was not on the merits. There is no doubt that such evidence ought to have been received, not to contradict the record, but to show what was decided in the former judgment. This is always allowed when the record leaves it in doubt what was decided. This question was very fully discussed by this Court in Foster v. Wells, 4 Tex. R. 101. In reviewing the authorities upon the subject we say, " But the " current of authorities at this day is in favor of receiving " the defence in bar and allowing oral testimony to explain the "judgment and identify what was adjudicated." The Court therefore erred in ruling out the oral testimony offered by the plaintiff, and this addition is ordered to be certified with the opinion of the Court as a part thereof.

Reversed and remanded.