E. M. BENNETT *vs.* HENRY SCHUSTER and others.

January 17, 1878.

Goods Taken from Lawful Possession of Administrator Under Fraudulent Conveyance of Intestate—Fraudulent Conveyance Need not be Set Aside—Claim and Delivery will Lie.—Section 15, *c.* 52, Gen. St., provides that where there is a deficiency of assets in his hands, an administrator may, for the benefit of the creditors of the deceased, " sue and recover for all goods, chattels, rights or credits which may have been conveyed by the deceased in his life-time with intent to defraud his creditors." The particular action thus authorized has reference to a case in which, in consequence of the fraudulent conveyance, there is a deficiency of assets in *the hands* of the administrator. When, notwithstanding the fraudulent conveyance, the goods, etc., are in the hands, *i. e.* in the lawful possession or control of the administrator, and are subsequently wrongfully taken and detained from such possession or control, he need not proceed under the section cited to formally set aside the fraudulent conveyance and have it adjudged void, but, as in ordinary cases of wrongful taking and detention, he may proceed in an action of claim and delivery.

Plaintiff brought this action in the district court of Olmsted county, as the administrator of E. Cassidy, deceased, to recover the possession or value of certain personal property in the hands of the defendants, Henry Schuster, Mary E. Peck and R. A. Jones.

The action was referred to and tried by Lloyd Barber, Esq., who, under objection and exception, admitted in evidence, upon the trial, the affidavit made by the plaintiff in order to obtain delivery of the property; the requisition upon the sheriff; and the return of said sheriff certifying that he took the said property into his possession, that the defendants did immediately thereafter make and deliver to him a bond, as required by law, for a return to them of the same, that plaintiff did approve of the said bond and the sureties thereon, and that he did thereupon re-deliver the said property to the said defendants.

The referee found that on February 16, 1876, Cassidy died intestate, and was at the time of his death the owner and in possession of the said property; that the plaintiff was duly appointed administrator of the estate of said Cassidy, and took possession of the property aforesaid, and that the said estate was insolvent, and insufficient to pay all the legal claims against it; that during his life-time, and on January 31, 1876, the said Cassidy executed and delivered to one Brawley a mortgage upon the said property, purporting to secure the payment to said Brawley of $1,500, one year from said date, with interest; that at the time of the execution and delivery of the said chattel mortgage said Cassidy was indebted to different persons, amounting in all to over $2,300, and that the mortgage was executed for the purpose of defrauding the creditors of Cassidy; that on February 21, 1876, Brawley assigned said mortgage to the defendant Henry Schuster, and that afterwards said Schuster pretended to sell and transfer an undivided half of the same to one Parker; that on June 1, 1876, Schuster and Parker took possession of said property by virtue of said chattel mortgage, and foreclosed said mort-

gage by a sale of said property at public auction to themselves; that the plaintiff duly demanded said property before the commencement of this action, and that defendants refused to deliver the same; and that the defendant Mary E. Peck had the possession of said goods, so taken from the plaintiff by said Schuster and Parker, and claimed to hold them as the agent of said Schuster and Parker. The referee further found, as conclusions of law, that the plaintiff was entitled to the possession of the said property, and to damages for the detention of the same, and to the value of said property, if for any reason it could not be delivered to the plaintiff.

The defendants moved for a new trial, which motion, *Mitchell,* J., presiding, was refused, and thereupon the said defendants appealed.

*Jones & Gove,* for appellants.

*Charles C. Willson,* for respondent.

BERRY, J. Section 15, c. 52, Gen. St., provides that when there is a deficiency of assets in his hands an administrator may, for the benefit of the creditors of the deceased, "sue and recover for all goods, chattels, rights or credits" which may have been conveyed by the deceased in his life-time, with intent to defraud his creditors," etc. The particular action thus authorized has, by the terms of the section, reference to a case in which, in consequence of the fraudulent conveyance, there is a deficiency of assets in *the hands* of the administrator. Where, notwithstanding the fraudulent conveyance, the goods, etc., are in the hands, *i. e*, in the lawful possession or control, of the administrator, and are subsequently wrongfully taken and detained from such possession or control, he need not proceed under this section to formally set aside the fraudulent conveyance and have it adjudged void, but, as in ordinary cases of wrongful taking and detention, he may proceed in an action of claim and delivery.

In the case at bar there is evidence tending to show that the goods and chattels sought to be recovered were held by Mary E. Peck, with the consent of the plaintiff, as administrator, and for him, so that they were in law in his possession

at the time of the alleged wrongful taking. The case was therefore one in which, upon the evidence, he might properly seek to recover the property in question in an action of claim and delivery.

The referee by whom the case was tried has in effect found that the property in controversy was wrongfully taken from the plaintiff's possession by defendants Schuster and Parker, and that they refused to deliver the same to plaintiff upon due demand; that defendant Mary E. Peck has the possession of it, claiming to hold it as the agent of Schuster and Parker, and that it is wrongfully detained by Mary E. Peck and Schuster.

Upon these findings, which appear to be sustained by the testimony and admissions in the case, there was no *defect* of parties defendant on account of the non-joinder of Parker. The action of claim and delivery is properly brought against the parties by whom the property sought is *wrongfully detained.* Gen. St. *c.* 66, § 113.

Most, if not all, of the remaining points made by defendant are in effect that the findings of the referee are not justified by the evidence. Upon a careful reading of the settled case we have come to the conclusion that, though upon some points the testimony is weak, there is enough, in accordance with the familiar rule upon this subject, to prevent us from disturbing the findings.

The statutory affidavit made in this action by the plaintiff, in order to obtain a delivery of the property in controversy, together with the requisition upon the sheriff and the sheriff's return, both of which are required by statute to be indorsed upon the affidavit, was properly received in evidence, as showing that upon due proceedings the property had been rebonded by the defendants, and that, therefore, the plaintiff, the prevailing party, not being in possession of the property, it was the duty of the referee to assess its value and order judgment accordingly, as provided in section 249, *c.* 66, Gen. St.

Order denying a new trial affirmed.