NOAH MAYO *vs.* BENJAMIN D. PETERSON.

Suffolk.    March 6. — May 9, 1879.    MORTON & ENDICOTT, JJ., absent.

In an action for money had and received, the plaintiff testified, against the defendant's objection, that he went to the defendant with a promissory note signed by A., and asked the defendant to get it discounted for the plaintiff's use; that the defendant produced another note for a larger amount signed by B., and said he would lend it to the plaintiff, and retain the note of A., and take the plaintiff's note for the difference in amount between the note of A. and the note of B., and hold these notes as collateral security for the loan of the note of B; that the plaintiff assented to this proposal, and gave his note to the defendant; that the plaintiff had the note of B. discounted; that, a few days before the note of A. and the plaintiff's note became due, he learned that these notes were held by a bank; that the defendant then told him that he had used the notes, and that when the note of B., who had failed before this conversation occurred, became due, the defendant would take care of it; that the plaintiff paid all of the notes at their maturity, and offered the note of B. to the defendant, and demanded of him the money paid on the other notes.  *Held*, that the defendant had no ground of exception to the admission of the plaintiff's evidence; and that, on the return of the note of B. to the defendant, the plaintiff was entitled to maintain the action.

CONTRACT for money had and received.  Answer, a general denial.

At the trial in the Superior Court, before *Pitman,* J., the plaintiff testified that, in June 1877, he went to the defendant with a promissory note for $488.21, dated May 17, 1877, signed by S. Rich & Co., payable to the order of the plaintiff in three

months, and by him indorsed, and asked the defendant to get the note discounted at the defendant's bank, and allow the plaintiff to take the proceeds for his own use; that the defendant thereupon produced a promissory note for $582.50, dated May 29, 1877, signed by James Power & Co., payable in four months to the order of John Dole, and by him indorsed, and said that he should not want to use the note, and would lend it to the plaintiff, if that would answer the latter's purpose; that the plaintiff said it would, and offered to give a receipt for it; that the defendant suggested that, instead of a receipt, he should retain the note of S. Rich & Co., and take the plaintiff's note for the difference in amount between the former note and the note of James Power & Co., and hold both notes as collateral security for the loan of the Power note; and that the plaintiff assented to this proposal, and thereupon gave to the defendant a note for $94.29, dated May 17, 1877, payable to the order of the defendant in three months. The defendant contended that the transaction between the parties was an exchange of notes, and objected to any evidence as to the conversation between the parties at the time the notes were given, on the ground that the admission of such evidence was an attempt to contradict by parol the terms of written instruments; and also objected to any evidence in regard to these notes, except to show a want of consideration, for which he claimed the Power note was sufficient; but the judge overruled the objection, and admitted the evidence.

The plaintiff further testified, against the defendant's objection, that he had the note of James Power & Co. discounted; that, a few days before the notes of S. Rich & Co. and his own note became due, he learned that these notes were held by a bank in Boston; that he then saw the defendant, and the latter told him that he had been short of money, and had used the notes, and that when the note of James Power & Co., who had failed before this conversation occurred, became due, the defendant would take care of it. The plaintiff paid all of the notes at their maturity, and offered the note of James Power & Co. to the defendant, and demanded of him the money paid on the other notes.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*L. M. Child*, for the defendant.

*H. J. Boardman & C. Blodgett*, for the plaintiff.

Ames, J.    It is a mistaken assumption on the part of the defendant that the contract between these parties was contained in or expressed by the three notes described in the bill of exceptions.    In the evidence offered by the plaintiff, he made no attempt to show that either of these notes was subject to any unwritten condition, or was to be interpreted otherwise than according to the literal import of the words in which it was expressed.    What he undertook to prove was, that, instead of indorsing a note for the plaintiff as he had requested, the defendant proposed to lend to the plaintiff the note of Power & Co., which the plaintiff was to get discounted without the defendant's indorsement; in other words, that, instead of lending the money or his own indorsement, he placed in the plaintiff's hands a negotiable security upon which he himself might and did obtain the money that he was then in want of.    He also undertook to prove that, as collateral security for this loan, he placed in the defendant's hands the other two notes described in the bill of exceptions.    This evidence was competent and admissible, and if it were believed by the jury, it would follow that, on returning the Power note to the defendant, the plaintiff would be entitled to take back and have returned to him the collateral security which he had previously deposited.    Unless the plaintiff had himself done some act which would have the effect to release either the promisors or the indorsers upon the Power note, the only loss which the defendant could suffer would arise from the insolvency of those promisors and indorsers, — a loss fo which the plaintiff could not be responsible.    With regard to the plaintiff's own note, he might by this evidence show a failure of consideration. If the two other notes were deposited with the defendant simply as collateral security for the loan, as described by the plaintiff, the appropriation of this security by the defendant to his own use was a wrongful act on his part, and he might justly be held accountable in this action as for money had and received which equitably belonged to the plaintiff.        *Exceptions overruled.*