John D. Freeman v. J. F. McAninch et al.

No. 148.

## 1. Conclusiveness of Judgment—Res Adjudicata.

When it appears from the records of a court having jurisdiction over the parties and the subject matter of a suit, that an issue has been presented and decided, then the decision so made, so long as it is not set aside in some lawful manner, must be held conclusive upon the rights of the parties when the same issue is again presented; and in such cases extrinsic evidence can not be received to contradict the record by showing that an issue necessarily involved in the cause was not presented and decided. If the record leaves that matter uncertain, then extrinsic evidence may be resorted to for the purpose of showing what was actually decided........................................... 135

## 2. Issue in a Cause.

An issue is the question in dispute between parties to an action, and in the courts of this State that is required to be presented by proper pleadings. The pleadings therefore show the issues.................. 135

## 3. Conclusiveness of Judgments—Res Adjudicata.

A party can not relitigate matters which he might have interposed but failed to do so in a prior action between the same parties or their privies, in reference to the same subject matter; and if one of the parties failed to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so. Parties are expected to use diligence to protect their rights in litigation, and they are responsible for failure unless caused by accident, excusable mistake, or fraud of the adverse party. See example.. 138

ERROR to Court of Civil Appeals for Third District, in an appeal from Bell County.

Justice KEY, of the Court of Civil Appeals, dissented from the judgment in that court.

*Peeler & Peeler*, for plaintiff in error.—After judgment on the merits, the parties can not canvass the same question again in another action, but the adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided. Hatch v. De la Garza, 22 Texas, 176; Bryan v. Bridge, 10 Texas, 149; Weathered v. Mays, 4 Texas, 387; Foster v. Wells, 4 Texas, 101; Tadlock v. Eccles, 20 Texas, 782; Crane v. Blum, 56 Texas, 325; Thompson v. Lester, 75 Texas, 521; Harris v. Harris, 36 Barb., 88; Clemens v. Clemens, 37 N. Y., 59; Berford v. Kersey, 48 Miss., 643; Bates v. Spooner, 45 Ind., 489; Estill v. Taul, 24 Am. Dec., 498; Petersine v. Thompson, 28 Ohio, 596; Tuska v. O'Brien, 68 N. Y., 446; Cromwell v. County of Sac, 94 U. S., 351; Case v. Beauregard, 101 U. S., 688; Thompson v. Myrick, 24 Minn., 4; Jacobson v. Miller, 41 Mich., 90; Roby v. Rainsberger, 27 Ohio, 674; Knight v. Atkinson, 2 Tenn. Ch., 384; Le Guen v. Gouverneur, 1 Johns. Cases, 492; Starr v. Stark, 1 Saw. C. C., 275; Marshall v. Shafter, 32 Cal., 176; Freem. on Judg., 3 ed., secs. 249, 300, 309.

*W. S. Holman*, for defendants in error, cited: Cook v. Burnley, 45 Texas, 115; Graves v. White, 13 Texas, 123; Edrington v. Kiger, 4 Texas, 89; Teal v. Terrell, 48 Texas, 508; Philipowski v. Spencer, 63 Texas, 607; Easley v. Bledsoe, 59 Texas, 488.

STAYTON, CHIEF JUSTICE.—On December 7, 1878, John D. Freeman brought an action against J. F. McAninch and Daniel McCray to recover a tract of land containing 622½ acres, part of one-third of a league of land originally granted to Joseph Washington. The petition was in the usual form of petitions in actions of trespass to try title, and described the land sued for by metes and bounds.

Defendants demurred to the petition, pleaded not guilty, limitation of three and ten years, and set up title in themselves to part of the land, giving description of that which each claimed, under a survey made by virtue of certificate issued to George Allen.

They also pleaded in estoppel acts of D. C. Freeman, and claimed value of improvements made in good faith.

The cause was tried before a jury, and upon a verdict for plaintiff judgment was rendered in his favor for all the land sued for, which in the judgment was described as in the petition.

From that judgment defendants prosecuted a writ of error to the Supreme Court, where the judgment was affirmed.

Defendants in that action seek in this to avoid the effect of that judgment as an adjudication of the title to all the land described in the petition and judgment; and Daniel McCray now asserts title to $134\frac{1}{3}$ acres of the land embraced in that judgment, to which he asserts title through a conveyance made by D. C. Freeman pending that action.

In the view taken of the case, it is not necessary to inquire whether D. C. Freeman had power under the will of the mother of John D. Freeman to convey to McCray, nor whether he assumed to convey his interest in the particular tract.

On the trial in the District Court evidence was admitted for the purpose of avoiding the effect of the former judgment, and on appeal it was held by the Court of Civil Appeals that such evidence was admissible, one judge dissenting.

The pleadings and judgments in the former action were offered in evidence, and it was shown that the court instructed the jury, that plaintiff had shown title to the Washington survey and defendants to the Allen, and that the question for their decision was, whether the land sued for was within the boundaries of the former, in which event they were informed that plaintiff was entitled to a verdict, but that otherwise the verdict should be for the defendants.

Over objection of plaintiff in error the court permitted one of the attorneys for defendants in the former action to state, that " he was present and conducted the trial of said cause on the part of said defendants; that after introducing what evidence was introduced in said cause for defendants, and before the argument of said cause, he spoke to D. C. Freeman, the father of John D. Freeman, who was present in court and representing said John D. Freeman, and made an agreement with said D. C. Freeman and the attorneys of John D. Freeman who were conducting the trial of said cause on the part of John D. Freeman, in open court, and in the presence of the court, to the effect, ' that the only question involved in the cause was one of boundary between the Washington and Allen surveys.' He does not remember that the attention of the court was called to the agreement or not. That on account of the agreement he did not introduce Daniel McCray's chain of title to said $134\frac{1}{3}$ acres tract of land, which he had with him at the trial."

An attorney representing John D. Freeman in that cause corroborated that statement and testified: " That before the argument began in said cause, the attorneys for both parties agreed in open court that the only question at issue was as to whether the George Allen 198 acres survey was included within the boundaries of the Joseph Washington one-third league survey. That he remembers that there was no land in controversy

in said suit except said 198 acres, and that the whole controversy was in regard to same.''

To verify his statement, he referred to his brief filed in said cause, in which he said the following statement was made: '' It was admitted that defendant in error (John D. Freeman) was the owner of the said Washington survey, and that the plaintiffs in error were the owners of the title to the George Allen survey, and the question at issue was whether the said Allen was included in the boundaries of the said Washington survey.''

McCray was permitted to state that he was present at the trial of the former action, and that '' the title to the 134⅓ acres tract was not involved in said suit, and his title papers to the same were not read in evidence.''

This cause was tried by a jury, and in reference to the former judgment the court instructed them as follows: '' Second question for you to answer is, whether or not in the case decided in 1883 of J. D. Freeman v. McCray and McAninch, number 1311, the title to the 134⅓ acres now claimed by McCray out of the Joseph Washington survey was involved as an issue; or was or was not the boundaries between the Washington and Allen surveys the only issue decided in said case.''

The jury found that the only issue in the former action '' was the boundary line between the Allen and Washington surveys.''

The court refused to instruct, that '' the effect of the petition of the plaintiff John D. Freeman in the said original suit, and the said answer of the defendants therein, was to put in issue in said suit the title and right of possession to all the land described in the petition of plaintiffs in said original suit.''

Where it appears from the record of a court having jurisdiction over the parties and subject matter, that an issue has been presented and decided, then the decision so made, so long as it is not set aside in some lawful manner, must be held conclusive upon the rights of the parties when the same issue is again presented; and in such cases extrinsic evidence can not be received to contradict the record, by showing that an issue necessarily involved in the cause was not presented and decided.

If the record leaves that matter uncertain, then extrinsic evidence may be resorted to for the purpose of showing what was actually decided.

That the court in which the former action was tried had jurisdiction over the parties to and subject matter involved in that controversy can not be questioned.

What was the issue involved in that cause as shown by the record ?

An issue is the question in dispute between parties to an action, and in the courts of this State that is required to be presented by proper pleadings.

The record of the former action shows that plaintiff in his pleadings alleged, that he was the owner of a tract of land therein particularly de-

scribed; that defendants, without right, had taken possession of that, and that he was entitled to have it restored to him.

It is conceded that the tract of 134½ acres now in controversy is a part of the land so claimed.

It shows that the defendants denied plaintiff's ownership, and controverted his right to possession; and to intensify this denial, asserted right in themselves, and stated the manner in which it was claimed that this accrued.

Thus were the issues presented, and the leading issue was one of title; and the fact that the determination of that may have depended on a question of boundary could not change the character of the vital issue in the case; for that was but a question of fact, to be considered like any other fact in determining whether the issue of title to the land should be decided in favor of the one party or the other.

What the issues made by the pleadings were is not left uncertain by the record.

The record of the former action shows that the court instructed the jury, that the controversy between the parties was one of title to the land described in plaintiff's pleadings; that he had shown title to the Washington survey, and defendants had shown title to the Allen survey, after which they were instructed to determine whether the land described in plaintiff's petition was a part of the Washington survey, and in the event they so found, they were instructed to find for the plaintiff.

The court decided the question of title to the respective surveys; and only submitted to the jury the question of boundary, on which title to the land then in controversy depended; but this did not eliminate the question of title to the land sued for.

Questions of boundary are never the subjects of litigation within themselves, but so become only where some right or title is thought to depend on their determination; and the fact that the court submitted only that question to the jury does not leave uncertain the issue actually tried and determined in the former action, even if the charge be considered without reference to other parts of the record.

The judgment was: " It is therefore considered by the court, that the plaintiff, John D. Freeman, recover of the defendants, J. F. McAninch and Daniel McCray, the premises described and bounded as follows." It describes the land as described in the petition, and then declares that for this " he may have his writ of possession and his costs in this behalf expended, for which he may have his execution."

In petition for writ of error defendants alleged that plaintiff had " recovered of and from the said defendants the certain tract of land sued for."

That judgment, in the light of the entire record, was an unequivocal judicial determination that the title to the land described in it was in the

plaintiff, and that he was entitled to its possession, and the evidence offered to prove that such was not the issue presented and determined ought to have been excluded.

There is no decision in this State, nor elsewhere, so far as is known, which sanctions the admission of such testimony in the face of such a record.

The case of Foster v. Wells, 4 Texas, 101, was one in which the judgment of a justice of the peace came in question, and his record not showing what was adjudicated, it was held that this might be shown by extrinsic evidence; but in that case the general proposition was announced, " That the judgment or decree of a court possessing competent jurisdiction shall be final as to the matters determined, can not be controverted. The principle, however, extends further; it is not only final as to the matters actually determined, but as to any other matter which the parties might litigate in the cause, and which they might have had decided. 1 Johns. Cases, 436; 1 Blackf., 360. But it is only when the trial was on the merits, where all the matters between the parties were or could have been adjudicated, that the judgment is a bar to another action." This, with its well recognized limitations, has been recognized as the law in this State from the earliest times.

After asserting the same rule in another case, it was said: " Such being the effect of the former judgment,  *  *  *  no evidence could have been received to impeach the judgment when the record of it was offered. It might have been competent to receive evidence to support its identity. But if the record did not show, when compared with the matters put in controversy in the suit in which it was offered, that it embraced the same subject matter, it could have offered no bar on the plea of nul tiel record." Weathered v. Mays, 4 Texas, 390.

In same case it is aptly said: "Our system is happily well adapted to show conclusively by the record whether it was sought to litigate a matter that had already been adjudicated. The cause of action is required fully to be set out in the petition, and the defense in the answer, that there would be no uncertainty as to the matter litigated in the adjudged case, or whether it was decided on its merits, and as little as to what was sought to be litigated in the suit pending."

" The plaintiff's title was put directly in issue by the defendant's answer in the former suit. It was the material and traversable matter in issue between these parties in that suit; and the judgment upon it is conclusive of that question in this suit. 1 Greenl. on Ev., 528, et seq. It is not the less so because the defendant failed to produce any evidence of title on his part. Otherwise a party might avoid being concluded by the judgment in any case, by withholding his evidence. The record of the judgment conclusively establishes that the title was in issue; and it was not competent for the defendant to impeach and contradict it by the pro-

duction of parol evidence." Fisk v. Miller, 20 Texas, 581; Roberts v. Johnson, 48 Texas, 137; Graves v. White, 13 Texas, 123; Oldham v. McIver, 49 Texas, 572; Nichols v. Dibrell, 61 Texas, 541; Flippen v. Dixon, 83 Texas, 421; Lee v. Kingsbury, 13 Texas, 70; Tadlock v. Eccles, 20 Texas, 792; McGrady v. Monks, 1 Texas Civ. App., 613; Armstrong v. St. Louis, 69 Mo., 310; Long v. Webb, 24 Minn., 383; Bailey v. Williams, 6 Ore., 70; Sturtevant v. Randall, 53 Me., 153; Butler v. Glass Co., 126 Mass., 516; Campbell v. Butts, 3 Coms., 174; Jones v. Perkins, 54 Me., 396; Freem. on Judg., 275, 300; Black on Judg., 625; Vanfl. on Coll. Attack, 526; Whart. on Ev., 785; Smith's Lead. Cases, 8 Am. ed., 915, et seq. The cases of Cook v. Burnley, 45 Texas, 115; Horton v. Hamilton, 20 Texas, 611, and Pishaway v. Runnels, 71 Texas, 352, do not hold to the contrary.

In Russell v. Pace, 94 United States, 608, the same rule is recognized; but in that case it did not appear from the record on what issue the cause was tried, and it was held, that " to apply the judgment, and to give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible."

That suit was brought for infringement of a patent in certain respects, and in bar of that action a former judgment on a similar charge was pleaded; but it did not appear from the record in the former cause whether the infringement on account of which a recovery was had was the same as that on which the pending suit was based.

The case of Hickerson v. City of Mexico, 58 Missouri, 61, seems to have presented a similar question, but there is no intimation in the opinion that parol evidence could be received to contradict the record; and the same may be said of the opinion in Cunningham v. Foster, 49 Maine, 68.

To hold that an issue as to boundary alone was tried, and that no issue of title was presented and determined, would be to deny to the record its only legitimate construction; to attribute to the parties intention to have an issue of fact decided from which no benefit whatever could result to either party; and, worse still, to assume that the court did and intended to enter a judgment which could have no effect; for if the issue of title to the property was not determined or intended to be, it was wholly unimportant where the boundary between the surveys was.

The issue presented by the pleadings and determined by the judgment was one of title; and that, under the agreement of the parties or determination of the court of the effect of written muniments of title offered by the respective parties, this depended on the fact of true locality of the boundary between the surveys could not change the character of that issue.

The effect of the agreement proved was that the right of the plaintiff to recover should depend on the question whether the land described in his petition was a part of the Washington survey; but this did not change

the issue made by the pleadings, nor divest the judgment of its effect as a determination of title, any more than would it had the parties agreed that judgment should be entered for the plaintiff if some muniment of title offered by him was found to be genuine, and that it should be for defendant if that was found to be a forgery.

It is not claimed that any agreement was made that judgment should not be entered for plaintiff for the 134⅓ acres now claimed by McCray if the land described in the petition was found to be a part of the Washington survey, but that in that event he should have judgment for all the land but that now claimed by McCray. Under such an agreement another and very different question might arise.

Pending the former action McCray may have acquired title to so much of the Washington survey as he now claims; but if so, it was his right to assert that when the cause was tried, and his failure to do so does not now entitle him to relief he might then by diligence and care have secured.

"A party can not relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties or their privies, in reference to the same subject matter. And if one of the parties failed to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so. 30 Iowa, 433; 13 Ohio St., 283; 1 Johns. Cases, 436; 25 Cal., 266.

" If a party fails to plead a fact he might have pleaded, or makes a mistake in the progress of an action, or fails to prove a fact he might have proved, the law can afford him no relief. When a party passes by his opportunity the law will not aid him.

" In Ewing v. McNairy & Claflin, 20 Ohio State, 322, the judge says: ' By refusing to relieve parties against the consequences of their own neglect, it seeks to make them vigilant and careful. On any other principle there would be no end to an action, and there would be an end to all vigilance and care in its *preparation and trial.* The same principle is well settled in numerous authorities. See 3 Comst., 511; 9 Wis., 23; 5 Sanf., 135.' " Bridge Co. v. Sargent, 27 Ohio St., 237.

This is necessarily the law in all cases in which failure to use proper diligence is not caused by accident, excusable mistake, or fraud of the adverse party. Bassett v. Railway, 150 Mass., 180.

The judgment of the Court of Civil Appeals and the judgment of the District Court will be reversed and the cause remanded for further trial.

*Reversed and remanded.*

Delivered June 7, 1894.