## AMERICAN SURETY CO. OF NEW YORK et al. v. CAMERON COUNTY WATER IMPROVEMENT DIST. NO. 15.
### No. 9279.

Court of Civil Appeals of Texas. San Antonio.

March 7, 1934.

On Rehearing April 4, 1934.

Carter & Stiernberg, of Harlingen, and Seabury, George & Taylor, of Brownsville, for appellants.

H. B. Galbraith, of Brownsville, for appellee.

MURRAY, Justice.

Appellee, Cameron county water improvement district No. 15, instituted this suit against a number of defendants, among

whom were the appellants herein, to wit: S. Finley Ewing, W. L. McElwain, Annie Orr Haughton, Ada M. Ewing and L. W. Weber and the American Surety Company of New York.

That part of this suit which is involved in this appeal was a suit by the water district against the personal appellants above named, as directors of the water district, to recover certain sums of money alleged to be due the water district as a result of said directors having either sold or hypothecated certain bonds of the district for less than 90 per cent. of their face value. The law providing that such bonds shall not be sold for less than 90 per cent. of their face value. It was alleged that the directors and their bondsman were responsible to the district for the difference between the price for which these bonds were disposed of and their face value, less the 10 per cent. discount permitted by law.

The trial was before the court, without the intervention of a jury, and judgment was rendered against all of the appellants herein, as follows: One sum of $4,000, another of $800, and another of $8,900, all aggregating the sum of $13,700, with interest at 6 per cent. per annum.

■ The recovery of the $4,000 item was based upon the allegations of paragraph 18 of appellee's second amended original petition, and reads as follows: "That on November 20th, 1930, Dodds & Wedegartner, Inc., made a proposition which was accepted by said Directors, to buy Twenty Thousand Dollars ($20,000.00) par value of said bonds, not accounting for the interest then due, for Eighteen Thousand Dollars ($18,000.00) and S. Finley Ewing was instructed to allow a false and fictitious brokerage of Four Thousand Dollars ($4,000.00) upon said sale, there being as a matter of fact no brokerage charged or paid, by which false and fraudulent acts said Directors Ewing, Ewing, McElwain, Weber and Houghton and their bondsman, the American Surety Company of New York, became liable to said District in said sum."

It is clear that this paragraph is insufficient as a pleading to support the recovery of the $4,000 item. As set out above, the first part merely alleges that bonds of the face value of $20,000 were sold for $18,000, which was within the requirements of the law that bonds must bring 90 per cent. of their face value. The second part states that Ewing was instructed to allow a false and fictitious brokerage, without stating who instructed him or whether or not he followed instruc-

tions. The third part negatives the fact that any brokerage was charged or paid. The fourth part states that, as a result of such false and fraudulent acts, the appellants became liable to the district without alleging any further facts showing liability. This paragraph states no cause of action whatever, but rather negatives the idea that there could be any liability. Article 2003, R. S. 1925; Mulkey v. Allen (Tex. Com. App.) 36 S.W.(2d) 198; Eldridge v. Poirier (Tex. Civ. App.) 50 S.W.(2d) 888; Southern Casualty Co. v. Fulkerson (Tex. Com. App.) 45 S.W. (2d) 152.

■■ A plea of res adjudicata was directed to the $800 item and the $8,900 item. The record discloses that there are two causes in the district court of Cameron county covering the same subject-matter out of which these two items are alleged to have arisen and between the same parties to this suit. The first of these two cases was cause No. 10,997, styled "Cameron County Water Improvement District Number Fifteen v. S. Finley Ewing and C. C. Henderson," and the other was cause No. 10998, styled "Cameron County Water Improvement District Number Fifteen v. S. Finley Ewing and Valley State Bank." It is clear that the controversy here involving these two items of recovery could very properly have been decided in those two prior suits. The rule of res adjudicata applies, not only as to matters which are actually adjudicated in a prior suit, but to all matters which can properly be adjudicated in a prior suit between the same parties and concerning the same subject-matter. Foster v. Wells, 4 Tex. 101; Crane v. Blum, 56 Tex. 325; Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79; Boffa v. Hebert et al. (Tex. Civ. App.) 42 S.W.(2d) 624 (writ refused).

Those judgments are now final judgments, and they preclude again litigating and adjudicating these same matters which were adjudicated or should have been adjudicated in those two prior cases.

The holdings we have herein made render all other assignments immaterial.

For the reasons above stated, the judgment of the trial court will be reversed and judgment here rendered that appellee take nothing and pay all costs incidental to this appeal and to the trial in the court below.

Reversed and rendered.

### On Motion for Rehearing.

■ Appellee attempts to present in this motion its cross-assignments of error which

were not presented in a brief at the original submission of this cause. Under the circumstances, such cross-assignments cannot be considered by us, but they will be regarded as waived. 3 C. J. p. 1446.

We have concluded that this cause should not have been rendered as to the $4,000 item attempted to be pleaded in paragraph 18 of appellee's petition, but as to this item this cause should be remanded. To this extent the motion for a rehearing will be granted.

This requires that we pass upon appellants' fifth proposition.

█ Appellee's petition alleges that the district was created on April 2, 1929, and that the personal appellants herein were its first directors, and that they each executed bonds in the sum of $5,000 with the American Surety Company as surety. Article 7639, R. S. 1925, provides for the giving of such a bond. Article 7717 provides that such officers shall only serve until the next regular election. Under the provisions of article 7718, such next regular election should have been held on the second Tuesday in January, 1930, and the petition alleges that such an election was held on January 14, 1930, but does not show who was elected or whether or not new officers qualified and gave new bonds.

We conclude that the bonds described in the petition would be effective only until the second Tuesday in January, 1930, plus a reasonable time for the newly elected officers, whether they be the same persons or different persons, to qualify and give new bonds. The alleged defalcation, a recovery for which is asked for in paragraph 18 of appellee's petition, is alleged to have occurred on November 20, 1930, some eleven months after the election, which was held in January, 1930.. Eleven months is more than a reasonable length of time for the new officers to qualify and give bonds, and thus, under these allegations, the American Surety Company could not be held on these bonds. We sustain appellants' fifth proposition.

The judgment of the trial court, wherein it denied appellee any recovery other than the items described in paragraphs 15 and 18, will be affirmed, appellee not having appealed from same; that part of the judgment which permits appellee a recovery in the sums of $800 and $8,900, as set forth in paragraphs 2 and 3 of the judgment, is reversed and here rendered that appellee take nothing by reason of said items, and that part of said judgment which gives appellee a recovery in the sum of $4,000 as set forth

in paragraph 1 of the judgment is reversed, and this cause is remanded only as to this item, which is the item described in paragraph 18 of appellee's petition.

Affirmed in part, reversed and rendered in part, and reversed and remanded in part.