Emily Alicia Hughes MARTIN, et al., Appellants,

v.

Paul N. HUGHES, Appellee.

No. 09 87 026 CV.

Court of Appeals of Texas, Beaumont.

Sept. 3, 1987.

Rehearing Denied Oct. 28, 1987.

Edward J. Tracy, Newton, for appellants.

Thomas A. Peterson, Peterson, Petit & Peterson, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from a summary judgment based on the finality of the judgment in a prior action relating to the same tract of land, the Lawson tract.

Viewing the summary judgment evidence in the light most favorable to the non-movant, *e.g. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965), James Hughes (decedent) paid the purchase price of the Lawson tract, but had title placed in his nephew Paul Hughes' name via a warranty deed. Five days later, Paul Hughes (Appellee) wrote a letter (hereinafter "letter of trust") to his uncle, acknowledging that his uncle paid for the Lawson tract, and other tracts not involved here, and that he held the tracts as trustee for his uncle. Eight months later, Appellee executed and delivered to his uncle a promissory note for $45,000, along with a deed of trust securing the note with the Lawson and other tracts.

In the first action against Paul Hughes, Alice Hughes, wife of decedent, brought suit individually, as Administratrix of decedent's estate, and as Guardian of decedent's daughter, Emily Alicia Hughes. She sought to collect on the promissory note and to foreclose on the deed of trust lien. Denying consideration for the note, Paul Hughes moved for summary judgment. The motion was granted in 1971.

In 1984, Alice Hughes and Emily Alicia Hughes Martin filed the instant action against Paul Hughes. Appellants seek recovery of the Lawson tract, alleging constructive and resulting trust as well as express trust arising from the letter of trust. Also, Alice Hughes alleges a community property interest in the tract.

Again Appellee moved for and was granted summary judgment, this time based on the finality of the judgment in the first action. Appellants assert on appeal that summary judgment was improper. Appellee counterargues that summary judgment is supported by two theories of res judicata—collateral estoppel and bar.

*See Puga v. Donna Fruit Co.*, 634 S.W.2d 677, 679 (Tex.1982). We first address the collateral estoppel theory.

■■■ Appellee asserts the second action is collaterally estopped because consideration for the note, an issue decided against Appellants in the first action, is a vital issue to the second action. Collateral estoppel is a rule of issue preclusion. *Gilbert v. Fireside Enterprises*, 611 S.W.2d 869, 871 (Tex.Civ.App.—Dallas 1980, no writ). The note is not the subject of the present action, however, and we find nothing in the record to indicate that the obligations allegedly arising from Appellee's note extinguished any obligations arising from the letter of trust he wrote eight months earlier. "[S]ummary judgment cannot be sustained on a ground not specifically set forth in the motion." *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441, 443 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r. e.), applying *TEX.R.CIV.P. 166–A(c)*. Since the issue in the first action, consideration for the note, is not pertinent to the present action, collateral estoppel will not lie.

■■■ Appellee next asserts res judicata bars the present action because title to the Lawson tract was directly litigated to final judgment between the parties in the first action. Bar and merger are res judicata rules of claim preclusion. Bar applies when the original judgment was rendered in favor of the defendant (as opposed to merger, which applies when judgment was rendered in favor of the plaintiff). *Gilbert*, 611 S.W.2d at 871. "In order for the doctrine of res judicata to bar a subsequent action, there must be [among other things] ... [r]endition of a valid final judgment ... [d]etermining a right, question, or fact put in issue and directly determined therein...." *Stansbury v. Chemical Services Div.*, 702 S.W.2d 758, 759 (Tex.App.—Beaumont 1986, no writ). The cause of action in the first case was in contract, for recovery on the promissory note and foreclosure on the deed of trust lien which secured the note via the Lawson and other tracts. The present case seeks recovery of the Lawson tract based on trust and community proper-

ty theories. Appellee appears to argue that despite the fact that the causes of action are different in these two cases, the second action is still barred because the same question is at the heart of both cases—title to the Lawson tract. We disagree. Title to the Lawson tract was secondary in the first action: plaintiffs sought to foreclose on a deed of trust lien, which happened to be against the Lawson and other tracts, as an alternative to their primary objective, recovery on the note. Whether the defendant held title to the tract was not directly raised. Summary judgment was sought based on lack of consideration for the note. The judgment did not address the issue of title to the Lawson tract.

The inquiry cannot stop here, however. Appellee asserts an alternative theory for barring Appellants' action. He argues that both actions involve the same subject matter, the Lawson tract, and might have been brought together. "[A] party cannot relitigate matters which he might have interposed, but failed to do so, in an action between the same parties or their privies in reference to the same subject matter. *Freeman v. McAninch,* 87 Tex. 132, 27 S.W. 97 (1894)." *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex.1971) (hereinafter the *Freeman* doctrine).

The supreme court has indicated by its reasoning in *Westinghouse Credit Corp. v. Kownslar,* 496 S.W.2d 531, 532 (Tex.1973), that the *Freeman* doctrine is to be interpreted narrowly and is not to be applied to new cases unless directly on point. *See Gilbert,* 611 S.W.2d at 876.

The causes of action in the two cases before us do not arise out of the same transaction as was the case in *Gravis,* 470 S.W.2d at 642, nor does the second action here evolve from a compulsory counterclaim to the first action, as was the case in *Griffin v. Holiday Inns of America,* 496 S.W.2d 535 (Tex.1973), cases in which the supreme court upheld bars of the second actions.

■ No Texas case is on all fours with the instant case; applying, then, the reasoning the supreme court uses in deciding

*Freeman* cases to the unique circumstances presented here, we hold that Appellants' action is not barred. A judgment in a suit on one cause of action is not necessarily conclusive of all calims or causes of action against the same parties or relating to the same property. *See Griffin* 496 S.W.2d at 538. " '[S]ubject matter' refers to the claim or controversy at issue in the earlier suit...." *Id.* at 537. The subject matter in Appellants' first action was the promissory note and had nothing to do with whether there was a separate and independent trust agreement attached to the land upon which the note was written, whether Appellee breached any fiduciary duty to Appellants then or at a later date, nor whether Appellant Alice Hughes has a valid community property claim to the Lawson tract. The subject matter of the two actions is different; res judicata does not apply. Accordingly, we reverse the judgment of the trial court and remand the case for trial.

REVERSED AND REMANDED.