

NUMBER 13-18-00021-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

HUMBERTO TIJERINA, III AND
TIJERINA LEGAL GROUP, P.C.,                                      Appellants,

v.

JUDE IWUALA, INDIVIDUALLY
AND AS NEXT FRIEND OF
O.I., A MINOR,                                                           Appellees.

On appeal from the 430th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellants Humberto Tijerina III and Tijerina Legal Group, P.C. (collectively

Tijerina) appeal from the trial court's order finding that Tijerina had non-suited with

prejudice its claims against appellees Jude Iwuala, individually and as next friend of O.I., Iwuala's minor daughter.[1] We reverse and render judgment dismissing without prejudice.

## I.     BACKGROUND

Appellees were involved in a car accident with a city of Mission employee on September 14, 2013. Shortly after the collision, appellees hired Tijerina to represent them in their suit against the city of Mission, signing a representation and fee agreement. In July of 2015, appellees terminated Tijerina and hired a former employee of Tijerina Law Group, P.C., Daniel Estrada. According to Tijerina, Estrada had been the attorney responsible for appellees' case while employed with Tijerina Law Group, P.C. Subsequently, Estrada prosecuted appellees' lawsuit and ultimately reached a settlement agreement in February of 2017. Because the settlement involved a minor, a friendly suit was set in the trial court to approve the settlement.

Four days before the settlement approval hearing in the friendly suit, on August 4, 2017, Tijerina filed a petition of intervention alleging breach of contract and a request for attorney's fees against appellees. At the hearing, prior to addressing the settlement agreement, the trial court addressed Tijerina's intervention. Humberto Tijerina, III appeared on behalf of himself and his law firm. Humberto stated that the suit in intervention sought to enforce the original attorney's fee agreement, and expressed his concern over the attorney's fees being received in the underlying settlement. Humberto represented to the trial court that his claim was against appellees and Estrada, though his plea in intervention was solely brought against appellees. When the trial court

---

[1] Appellee Jude Iwuala argues in appellees' brief that the trial court erred by withholding payment of attorney's fees to his counsel after finding that Tijerina's claim was non-suited with prejudice. No notice of appeal was filed by Iwuala, and we therefore do not address this issue. *See* TEX. R. APP. P. 25.1(c).

2

suggested severing the intervention and allowing the settlement to go forward, the trial court asked Humberto if he was "going to non[-]suit as to the [appellees]," to which Humberto replied: "I will. As I presented to the Court, I have nothing against the clients. It's—it's the way Mr. Estrada handled this whole thing."

The trial court then severed the intervention and held the hearing on the friendly suit. The trial court approved the settlement amounts; Iwuala's settlement was dispersed directly to him, and his minor daughter's settlement was ordered to be held in the registry of the court until she turns eighteen years old. The trial court ordered that $50,000 in attorney's fees from Iwuala's settlement be placed in the registry of the court pending the outcome of the intervention; there were no attorney's fees from the minor child's settlement.

At the conclusion of the friendly suit hearing, the trial court confirmed "that the only claim is going to be between Mr. Tijerina and Mr. Estrada." Humberto and Estrada agreed with the judge, and the trial court approved the representations as a Rule 11 agreement, subsequently stating:

> So, the City of Mission is out and it's only—and the minor's claim is out and the adult's claim is out on his portion of the settlement. The only thing that's going to be severed under Cause Number (1) is the intervention between Mr. Tijerina and Mr. Estrada.

On August 14, 2017, the trial court signed an order to sever which stated: "IT IS THEREFORE ORDERED that Intervenor's claims and causes of action against Plaintiffs are hereby SEVERED from this suit and assigned Cause No. C-4158-15-J(1)."

Estrada, as appellee's counsel, filed a "Motion to Strike and TRCP Rule 13 Sanctions Against Intervenor Humberto Tijerina III" arguing that Humberto intentionally misrepresented his intervention claim to the trial court as a dispute with Estrada rather

3

than with appellees, and he argued that Tijerina's intervention pleadings should be stricken. In response, Tijerina filed a third-party action against Estrada, alleging tortious interference with Tijerina's contract with appellees. Tijerina also filed an arbitration action asserting a breach of contract claim against appellees. Estrada and appellees filed an amended motion to strike.

Several hearings were held in which the trial court heard: (1) appellees' motion to enforce the trial court's final judgment; (2) appellees' opposition to Tijerina's application for arbitration; (3) appellees' motion for sanctions; (4) Tijerina's motion to compel arbitration; and (5) Tijerina's response to appellees' motions. The trial court then entered an order which stated that Tijerina's petition of intervention "and his alleged claims against [appellees]" were "non-suited with prejudice" during the friendly suit hearing on August 8, 2017. Thus, the trial court denied Tijerina's motion to compel arbitration, and Tijerina was barred from "further prosecution" against appellees on these claims. This appeal followed.

## II. DISCUSSION

Tijerina argues that the trial court erred in non-suiting its claims with prejudice against appellees; and in the alternative, if this Court should find that the non-suit was appropriate, Tijerina argues that it should have been without prejudice.

### A. Nonsuit

> At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the . . . non-suit shall be served . . . on any party who has answered or has been served with process without necessity of court order.

4

TEX. R. CIV. P. 162; *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "A party has an absolute right to file a non[-]suit, and a trial court is without discretion to refuse an order dismissing a case because of a non[-]suit unless collateral matters remain." *Travelers*, 315 S.W.3d at 862; *see Villafani v. Trejo*, 251 S.W.3d 466, 468–69 (Tex. 2008); *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (per curiam). "Granting a non[-]suit is a ministerial act, and a plaintiff's right to a non[-]suit exists from the moment a written motion is filed *or an oral motion is made in open court* . . . ." *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (emphasis added). A notice of non-suit renders the merits of the non-suited case moot. *Travelers*, 315 S.W.3d at 862. There are no formal requirements other than the "mere filing of the motion with the clerk or oral announcement in open court." *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982) (per curiam). The trial court retains jurisdiction to hear other collateral issues, such as motions for sanctions, any post-nonsuit motions, and any remaining counterclaims. *Id*. at 863; *see* TEX. R. CIV. P. 162 ("Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk.").

Tijerina argues that there was never an "oral announcement in open court" requesting a non-suit, but rather Humberto merely responded to the trial court's inquiry that he "will" non-suit the appellees. Tijerina argues that the statement by Humberto of his intent to non-suit alone does not constitute an "oral announcement" as required by Texas Rule of Civil Procedure 162. *See* TEX. R. CIV. P. 162. However, appellees point out that Humberto also agreed, on the record in open court, to a Rule 11 agreement that appellees "were out" of the suit.

5

Here, Humberto, acting on behalf of himself and his law firm, informed the trial court that he had "nothing against the [appellees]" and agreed that the claims against appellees were no longer part of the suit, maintaining that the only claim remaining would be between Tijerina and Estrada, leaving no doubt that Tijerina intended to non-suit his claims against appellees by his words at the hearing. The trial court performed its ministerial duty by non-suiting Tijerina's claims against appellees. *Id.*

## B.    With Prejudice

Tijerina argues that if a non-suit was in fact proper, the non-suit should not have been with prejudice. A non-suit should be without prejudice unless the trial court has previously determined the merits of the claims. *See Hyundai Motor Corp. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995); *Ashpole v. Millard*, 778 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1989, no writ). Here, the record reflects that the trial court made no adjudication of the claims before the case was non-suited. Appellees argue that the trial court could have determined that the non-suit was with prejudice on the basis of extrinsic evidence. *See Freeman v. McAninch*, 27 S.W. 97, 98 (Tex. 1894). Appellees argue that the numerous hearings and pleadings filed and considered between the August 2017 hearing and the December 2017 order provided the trial court with enough extrinsic evidence to determine that the non-suit was with prejudice. *Id*. However, the extrinsic evidence referred to by appellees, if any exists, is inapplicable here because it was filed after the August 2017 hearing. The non-suit was effective from the moment it was announced at the August 2017 hearing. *See In re Greater Hous. Orthopaedic Specialists, Inc.*, 595 S.W.3d at 325. At that moment, the trial court had yet to make any determinations on the merits of the claims, and therefore we conclude that the non-suit

6

of Tijerina's claims against appellees was without prejudice. *See Hyundai Motor Corp.*, 892 S.W.2d at 855.

### III.    CONCLUSION

Accordingly, we reverse the judgment of the trial court and render judgment dismissing Tijerina's claims without prejudice.

NORA L. LONGORIA
Justice

Delivered and filed the
27th day of June, 2019.