## JESSE CRAWFORD V. W. W. WINGFIELD.

Equity will not relieve, by enjoining the enforcement of a judgment, against which the defendant had a valid legal defence, as that the contract sued on was usurious, if the party seeking the relief, without excuse for his neglect, failed to make his defence to the action wherein the judgment was rendered.

Where the demurrer to the petition and motion to dismiss the injunction bill are sustained by this court, reversing the judgment of the District Court, and no amendment could be made which would maintain the action, this court will not remand the cause, but render the judgment which ought to have been rendered in the court below.

APPEAL from Rusk. Tried below before the Hon. C. A. Frazer.

Wingfield filed his petition in the District Court, alleging that he had borrowed five hundred and sixty dollars from Crawford, payable in five months and seventeen days, for which he executed seven notes for one hundred dollars each, amounting to seven hundred dollars. That the notes contained one hundred and forty dollars of usurious interest; that seven suits had been instituted against him in the justice's court; that judgment had been recovered on all of them; concluding with a prayer for an injunction. The district judge granted the injunction, restraining the collection of the one hundred and forty dollars, upon condition that Wingfield paid the balance, with which condition the latter complied.

The defendant filed a general demurrer and motion to dismiss the petition, which were overruled. A jury was waived, and the cause submitted to the court, and the injunction was perpetuated.

The petition does not allege, nor does it otherwise appear, that any defence was made in the justice's court. The appellant assigned as error, the overruling of the demurrer, and the judgment perpetuating the injunction.

*Armstrong & Parsons*, for the appellant.

*B. Smither*, for the appellee.

BELL, J.—We are of opinion that the court below erred in overruling the demurrer to the petition for injunction, and the motion that the injunction be dissolved.    The petition for the injunction shows no reason why the party complaining of the usury did not make his defence to the suits that were instituted upon the usurious contracts, while those suits were pending in the justice's court.    His petition shows that he had entered into several contracts, which subjected him to suits in the justice's court.    If there was any reason why the demands which the appellant asserted in the justice's court, ought not to have been sustained by the court, that was the proper time and place to make such reason known, and to have the judgment of the court upon the merits of such defence.    The rule is well established, that one court will not grant relief to a party who has neglected to present his defence in another tribunal, having jurisdiction of the suit against him, and in which the demand against him has been adjudicated.    In the case of Le Guen v. Gouverneur & Kemble, 1st Johnson's cases, 436, Kent, Justice, said " Every person is bound to take care of his own rights, and to vindicate them in due season and in proper order.    This is a sound and salutary principle of law.    Accordingly, if a defendant having the means of defence in his own power, neglects to use them, and suffers a recovery to be had against him by a competent tribunal, he is forever precluded."    In that case, the appellant had recovered a judgment against the respondents, which had been affirmed on a writ of error.    Afterwards the respondents filed a bill in chancery alleging a fraud practised upon them in the contract, which was the basis of the judgment against them.    The Chancellor decreed that the recovery at law did not preclude the respondents from seeking relief in equity against the alleged fraud.    Radcliff, Justice, said, "the general principle that the judgment or decree of a court possessing competent jurisdiction, shall be final as to the subject matter thereby determined, is conceded on both sides, and can admit of no doubt.    The principle, however, extends further.    It is not only final as to the matter actually determined, but as to every other

matter which the parties might litigate in the cause, and which they might have had decided." And after laying down this rule, he proceeded to say, " the only inquiry then is, whether the respondents, under the circumstances of this case, would have been admitted to make a defence on the trial at law, on the ground of the fraud which they now allege?" In these expressions Judge Kent fully concurred. In the case of Barker v. Elkins and Simpson, 1st Johnson's Chancery Rep., 465, which was a case in which the plaintiff sought relief in Chancery against a judgment at law which was manifestly unjust, Chancellor Kent said, " the plaintiff has not stated what were the obstacles to a defence at law. A defendant cannot come here for a new trial, when no special ground of fraud or surprise is suggested, and when he neglects or omits due diligence, and without due excuse to defend himself in his proper place. This is a fundamental doctrine in this court." In the case of Kibler v. Cureton, Richardson's Chancery Reports, 143, O'Neall, Judge, said, "the rule is, when a party may, at law, avail himself of a defence, and neglects so to do, that he cannot afterwards apply to the court of Equity for an injunction. If this was not so, a suit at law would be nothing more than the commencement of a suit in equity. A party might at pleasure withdraw his defence at law, and subsequently set it up in equity. This cannot be allowed. If a party can defend himself, and fails to do so, he has no equity which entitles him to relief." In the case before us, the complainant in the bill for injunction could have defended himself in the justice's court. His defence was fully known to him before the judgments were rendered against him in the justice's court. It was no new matter which came to his knowledge subsequently, and which would form an exception to the general rule which we have been considering. If the defence of usury had been set up in the justice's court, the litigation would doubtless have terminated there. The course pursued by the appellant has resulted in charging the appellee with the costs of the injunction in the District Court, besides punishing him for the usury by the loss of all interest on his money. We are not inclined to show any favor to usurious contracts; but those who wish to be relieved against usury must comply with the well estab-

lished rules of law, by making their defence at the proper time, and in the proper place.

The judgment of the District Court is reversed. We will not remand the case, because the bill for injunction cannot be amended so as to show a cause of action. If the defendant in the justice's court did present his defence of usury, and has neglected so to state in his bill, then his proper remedy would be by *certiorari*. This court, therefore, will render the judgment which ought to have been rendered by the District Court. And we therefore decree, that the demurrer to the petition for injunction is sustained, and that the plaintiff, appellee in this court, take nothing by his suit; and that the injunction granted by his Honor Judge Frazer, on the 23d of July, 1858, be, and the same is hereby dissolved. And it is further ordered, that the appellant recover of the appellee and the surety on his injunction bond the costs in this court, and in the District Court, about this cause expended.

Reversed and judgment rendered.