### J. Thompson et al. v. Job Lester.

#### No. 2651.

1. **Res Adjudicata.**—In an action in trespass to try title the defendants offered testimony to facts relied upon as constituting fraud, which if proved would destroy the title of the plaintiff. A decree was in evidence, rendered in a suit to which the defendants were parties, in which the facts offered in evidence had been litigated, and the decree was against the claim of defendants. *Held*, that such decree was an adjudication of the matters, and that they could not again be set up as a defense.

2. **Same.**—See facts held *res adjudicata*.

Appeal from Tarrant. Tried below before Hon. R. E. Beckham.
The opinion states the case.

*M. D. Priest,* for appellants.—The issue was fraud, and the defendants had a right to have that issue submitted to the jury. There was evidence tending to prove fraud, and the instructions were not withheld for the want of evidence, but because that issue was determined in the case of Lester v. Gandy. But it is submitted that the court erred in so concluding. The matter was not litigated in said suit, and the question could not have been raised by Thompson, as he was merely a simple contract creditor. Murchison v. White, 54 Texas, 85; De Leon v. White, 9 Texas, 598; Roberts v. Johnson, 48 Texas, 133; Teal v. Terrell, 48 Texas, 491; Horton v. Hamilton, 20 Texas, 610; Cook v. Burnly, 45 Texas, 97.

*J. F. Cooper,* for appellee.—The rights acquired by Job Lester as purchaser at the sale made under the foreclosure proceeding in the case of Sarah Ellis v. Alexander Reynolds, on the 6th of January, 1880, were directly involved in the suit of Lester v. Gandy et al., and the judgment in the case was conclusive upon H. J. Thompson, intervenor; and the court properly excluded the testimony of E. M. Heath, offered solely for the purpose of attacking the rights acquired by Lester under the foreclosure proceedings in the case of Ellis v. Reynolds. Foster v. Wells, 4 Texas, 104; Nichols v. Dibrell, 61 Texas, 540; Tadlock v. Eccles, 20 Texas, 790; 13 Texas, 31; 55 Texas, 444; 56 Texas, 123; 4 Texas, 389.

COLLARD, JUDGE.—We are of opinion that the court below was correct in holding that *res adjudicata* applies to the claim set up by appellants, the defendants below, to defeat the recovery of the appellee, and that there was no error in excluding the evidence of Heath or in charging the jury to find for plaintiff. The very issue sought to be established by Heath's testimony, and by evidence admitted tending to show that Lester was not the owner of the land, was necessarily involved and adjudicated in the suit of Lester v. Gandy. In that suit the parties were all before the court. Lester asked for judgment for the land, and in the alternative for judgment for $750, alleged to have been paid by him at the sheriff's sale under the judgment of Mrs. Ellis against Reynolds foreclosing her vendor's lien, and he also asked for a judgment foreclosing his lien on the land; Mrs. Doty, formerly Mrs. Ellis, and her husband were before the court, asking for judgment against Reynolds and foreclosure of her last unpaid vendor's lien note; Reynolds was before the court admitting the claims of Mrs. Doty and Lester; and Thompson by permission became a party to the suit, having bought the last note from Mrs. Doty and taking her place in the matters to be litigated. The Gandys, in effect, set up in that suit that Lester was not the real owner of the land, that he paid nothing for it, and that in fact nothing was paid but the amount of Mrs. Ellis' judgment against Reynolds in her former suit; and also that the foreclosure suit of Mrs. Ellis was a scheme on the part of

Reynolds, brought to defraud them of their right to the land. The Gandys were holding under a contract of Reynolds to convey one-half the land to Mary Gandy, after the purchase money due Mrs. Ellis upon the land should all be paid.

The decree of the court in Lester v. Gandy was in favor of Lester against the Gandys for the land, provided he should within a certain time pay off the note held by Thompson; but in the event he should elect not to pay off the note, that the land be sold and out of the proceeds that Lester be paid the $750, interest, and costs, and out of the balance, if any, that the note held by Thompson should be paid, he taking judgment against Reynolds. Lester elected to have the land sold, which he bought in at the sale for $900, paying no money, but crediting the amount on his judgment. Thompson then had an execution issued on his judgment against Reynolds, which was levied on the land as Reynolds' property, which was sold by the sheriff to Gandy, who deeded it to Thompson, the amount of Gandy's bid being credited on Thompson's judgment.

Now had it been true that Reynolds was the real owner of the land, as now claimed by the defendants below; that Lester bought it in at the sale under Mrs. Ellis' judgment of foreclosure for Reynolds, so as to enable Reynolds to cover the property in Lester's name and in this way relieve himself of his contract to convey one-half of the land to Mary Gandy, such facts, had they been set up and proved in the suit against the Gandys, would have been a good defense. The judgment in Lester's favor for $750, with foreclosure of lien upon the land superior to the lien of Thompson's note, could not have been legally rendered; but the lien of Thompson's note would have been foreclosed unconditionally and his purchase thereunder through Gandy would have given him the title. He and his heirs and representatives are concluded by that judgment. He suffered judgment to go against him, declaring Lester's rights of lien, and declaring that such lien was superior to his, without making a defense, as available to him then as now, so far as the record shows, and he could not now at Lester's suit be heard to make such defense.

It was not attempted to be shown on the trial of this case, nor is it contended by appellants, that the facts constituting the fraud between Lester and Reynolds transpired after the judgment in the suit against the Gandys, but before. It can not, therefore, be held that they should be heard in this suit. The former judgment was allowed to stand, and it can not now be impeached in a collateral action. The force of the former judgment is not affected by the fact that the issue was not made. The facts now sought to be set up, if allowed, would result in annulling certain rights established by that judgment between the parties thereto and their privies. The former judgment is *res adjudicata* of the defenses set up in this case. Lee v. Kingsbury, 13 Texas, 70; Chilson v. Reeves, 29 Texas, 275; Webb v. Mallard, 27 Texas, 85; Baxter v. Dear,

24 Texas, 17; Nichols v. Dibrell, 61 Texas, 541; Barksdale v. Greene, 29 Ga., 420; Mervine v. Parker, 18 Ala., 241.

There are quite a number of assignments of error, based upon the ruling of the court sustaining exceptions to interrogatories propounded to witnesses, which must be overruled because the bills of exceptions do not show what the answers of the witnesses would have been.

Our conclusion is the judgment of the court below ought to be affirmed.

*Affirmed.*

Adopted December 20, 1889.