### CORCANGES et al. v. CHILDRESS.
### (No. 7161.)

(Court of Civil Appeals of Texas. San Antonio. May 22, 1924. Rehearing Denied July 2, 1924.)

Judgment ⟳429—Held to estop defendant from asserting defense in equity proceeding to restrain enforcement thereof.

Where defendant, in an action to enforce payment of notes, failed to set up his defense that plaintiff had agreed to cancel notes, he could not afterwards apply to a court of equity for an injunction to restrain enforcement of a judgment rendered in such action, and in such proceeding assert that defense.

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Suit by J. W. Childress against George P. Corcanges and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Preston Martin and George A. McCall, both of Weatherford, for appellants.

J. M. Richards, of Weatherford, for appellee.

SMITH, J. In December, 1915, appellee, Childress, executed and delivered to appellant Corcanges two promissory notes, each for the principal sum of $100. In the latter part of the year 1917, or early in 1918, Corcanges brought suit against Childress to recover the amount of the notes, and Childress contested the suit upon the ground that he was induced to execute and deliver the notes to Corcanges through the latter's fraud and deceit. Upon a trial on May 10, 1918, Corcanges recovered judgment for the amount of the notes, how-

ever, and this judgment became final without appeal. Alias execution was issued on March 10, 1923, and by virtue thereof the sheriff levied upon certain real property belonging to the judgment debtor, Childress. The latter filed his petition for injunction restraining the sale of his land under said execution, and to have the execution declared void and canceled. Temporary injunction was granted, and upon final hearing was perpetuated, and the execution held to be void. This appeal is from that judgment.

As ground for restraining the sale under execution, Childress alleged that the judgment had become dormant at the time the execution was issued thereon, and, further, that "after the rendition of the judgment * * * plaintiff paid, settled, and fully discharged said debt," but that defendant Corcanges had failed and refused "to release or have entry of payment and satisfaction entered on the records of" the court in which the judgment was rendered. It appears to be conceded that the evidence disclosed that the judgment had not become dormant, as alleged, and this leaves in the case the one question of whether or not the judgment had been satisfied.

We affirmed the judgment upon the contention that, after the original judgment was rendered, and within a period which defeated a plea of limitation, Corcanges and Childress entered into an agreement by which the former agreed to cancel his judgment against the latter; we held that equity would aid in the enforcement of this agreement. But upon reconsideration we have become convinced that no such agreement was made. This is made evident by a careful consideration and analysis of the evidence, as well as of the court's findings of fact, which in this respect are inconsistent. It is now clear to us that the alleged agreement by which Childress seeks to defeat the judgment attacked in this case was made, if at all, in 1916, two years before said judgment was rendered. This conclusion as to the facts destroys the whole premise upon which the original disposition of the appeal was based.

If it is true, as appellant contends, that appellee agreed in 1916 to cancel the notes he held against appellant, and that the latter's debt to the former was by said agreement satisfied and discharged, then this fact constituted a complete defense to an action to enforce the payment of those notes, and when appellee filed his action thereon in 1918 it was appellant's privilege and duty to set up that defense in that suit. He did not do so, however, but sought therein to defeat the payment of the notes on the sole ground that they were obtained from him by appellee's fraud. Having thus neglected to set up this defense in a suit at law, in which it was available to him, appellee could not afterwards apply to a court of equity for an injunction, and in such proceeding assert that defense. Freeman, Judg. (4th Ed.) §§ 272, 435, 501, 502, 506; 17 Cyc. 1183; Crawford v. Wingfield, 25 Tex. 414; Thompson v. Lester, 75 Tex., 521, 14 S. W. 20; Gathings v. Robertson (No. 7165) 264 S. W. 173, decided by this court on May 22, 1924.

The rule is tersely stated in section 272, Freeman:

"A judgment of a court possessing competent jurisdiction is final, not only in reference to the matters actually or formally litigated, but as to all other matters which the parties might have litigated and had decided in the cause. A party cannot try his action in parts. The judgment is conclusive, not only of the matters contested, but as to every other thing within the knowledge of the complainant which might have been set up as a ground for relief in the first suit."

For this reason, as well as because the matter relied on by appellant was clearly barred by limitation, the court below erred in rendering judgment for appellee, and we erred in affirming that judgment.

The judgment of affirmance will therefore be set aside, and the opinion thereon withdrawn, and the judgment of the court below will be reversed, and the cause remanded for another trial.

Reversed and remanded.