**DALLAS TRUST & SAVINGS BANK et al. v. BRASHEAR.\***

No. 6936; Motions Nos. 6173, 6174.

Court of Civil Appeals of Texas. Austin.

Feb. 17, 1926.

Rehearing Denied June 10, 1931.

---

\*Writ of error granted.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellants.

W. A. Morrison, of Cameron, for appellee.

BLAIR, J.

Appellee sued appellants to recover double the amount of alleged usury claimed to have been paid them upon a written loan agreement between him and the appellant, Dallas Trust & Savings Bank, dated May 17, 1921, alleged to be usurious in its incipiency. He also sought to cancel all future interest accruing on the loan contract, as well as to cancel the deed of trust lien on the land, in so far as it secured future interest, and to enjoin record holders of all the principal loan notes from declaring their option under the loan agreement to mature them for failure to pay annual installments of future interest.

The pleadings admittedly present the true facts relating to the loan agreement. It was for $3,000, on what was termed a ten-year loan contract, bearing 9 per cent. interest per annum from date, but appellant Dallas Trust & Savings Bank prepared and required appellee to execute four notes, Nos. 1 to 4, both inclusive, the first three for $200 each, and due May 1, 1923, 1924, and 1925, respectively, and the fourth for the sum of $2,400 due May 1, 1931, which notes represented the principal loan. These notes provided for interest at the rate of 7 per cent. per annum from date, payable at Dallas, Tex., on the 1st day of May for each of the ten years, and provided for 10 per cent. interest on principal and interest after maturity. They were secured

by a deed of trust representing the first lien upon 79⅗ acres of land owned by appellee in Milam county. For the remaining 2 per cent. interest due under the loan agreement appellant bank prepared and required appellee to execute on the same date of the principal notes, May 17, 1921, five notes designated on their face as "interest notes," Nos. 1 to 5, both inclusive, due May 1, 1922, 1923, 1924, 1925, and 1926, respectively, the first three being for the sum of $102.67 each, and the last two for the sum of $102.66 each, and providing for 10 per cent. interest after maturity. These notes were secured by a second deed of trust lien upon the same land securing the principal loan, and provided for acceleration of maturity for all the notes in case of default in payment of any one of them. The nine notes and the two deeds of trust securing them represented one complete transaction with reference to the $3,000 loan. Three payments were made by appellee on the loan contract in the following manner:

On September 9, 1922, to Dallas Trust & Savings Bank, the sum of $314.10, representing interest on the $3,000 principal loan for first year loan contract.

On January 23, 1924, the appellant United States Bond & Mortgage Company to whom appellant Dallas Trust & Savings Bank had sold and transferred the four remaining interest notes, sued appellee in the district court of Dallas county, Tex., on those notes, having declared them due under the acceleration of maturity provision of the deed of trust securing them, and obtained a default judgment for the sum of $467.07, of which amount $434.29 represented interest as evidenced by the four notes. On May 2, 1924, appellee was compelled to pay this judgment to avoid a sheriff's sale of the land securing the notes.

About May 1, 1924, he paid appellant Connecticut General Life Insurance Company, to whom appellant Dallas Trust & Savings Bank had sold and transferred all the principal loan notes, the total sum of $847, representing principal loan notes Nos. 1 and 2, each for $200, and $447 as interest due for second and third years of contract on $3,000 principal loan notes.

Appellee alleged that these payments constituted payment of usury as a matter of fact, since he paid $1,234.28 for use of the $3,000 less than three years, whereas $900 or less was the total that could have been legally demanded.

Appellants addressed a general demurrer to all appellee's pleadings, which was overruled, and a plea in abatement to the effect that the judgment pleaded by appellee as a partial basis of his usury claim was res adjudicata of all matters and things sought to be recovered by him in this suit.

The case was tried to the court without the intervention of a jury, and separate judgments were rendered for appellee against each of the appellants as follows: Against Dallas Trust & Savings Bank for $627.80, which is a few cents less than double the amount of $314.10 that it collected as interest for the first year of the loan contract. Against United States Bond & Mortgage Company for $864.58, which is double the sum of $434.29 collected as interest on its judgment and foreclosure proceedings against appellee. Against Connecticut General Life Insurance Company for $894, which is double the $447 paid as interest to it on May 1, 1924.

The appeal presents generally but two questions, which are as follows: (1) Is the loan contract an usurious one on its face or in its inception? (2) Is the judgment pleaded by appellee as a partial basis of his claim for usury res adjudicata of all matters and things sought to be recovered by him in this suit?

■ The first question must be answered in the affirmative. The contract is usurious on its face or in its incipiency because it exacts of the borrower more than 10 per cent. per annum for each of the first five years of the loan, and, of course, exacts a total payment of interest in excess of 10 per cent. per annum for the first five years of the loan contract. An analysis of the loan contract and the various payments exacted by it of the borrower condemns it in its incipiency as an usurious one. It is true as contended by appellants that for the remaining five years of the loan contract there will be collected only seven per cent. interest per annum on $2,400, or $168 annually, a total of $840, which if added to the $1,479.33 interest collected for the first five years would make a total sum of $2,319.33, or about 9 per cent. for the entire period of the loan contract. But the vice in the contract as written is the fact that it exacts more than 10 per cent. per annum for each of the first five years of the loan.

Article 16, § 11, of the state Constitution, and articles 4979 and 4980, R. S., enacted pursuant to the constitutional provision, declare all contracts whatsoever which may in any way, directly or indirectly, stipulate for a greater rate of interest than 10 per cent. per annum to be void to the amount or value of the interest.

The Supreme Court held in Galveston & H. Investment Co. v. Grymes, 94 Tex. 609, 63 S. W. 860, 64 S. W. 778, that, to determine the question of usury in a contract, it must be tried by the statutory limitation of 10 per cent. per annum for the use, forbearance, or detention of the money for one year.

■ Appellants rely principally upon the case of Shropshire v. Commerce Farm Credit Co. (Tex. Civ. App.) 266 S. W. 615, to support their contention that the loan contract was not usurious when made, insisting that their loan contract is practically identical with the one in the Shropshire Case, and that

the opinion in that case is sound and logical and supported by the great weight of authority. But in view of the fact that the Commission of Appeals, on February 10, 1926, 280 S. W. 181 (opinion not yet [officially] published) reversed and rendered the Shropshire Case, holding the loan contract there presented usurious in its incipiency, we feel that further discussion is unnecessary in support of our conclusion that the contract here involved was usurious in its incipiency. Appellants' mode and manner of enforcing the loan leaves no doubt but that they received the various payments as interest. Besides, the contract speaks for itself with respect to whether the payments were intended as interest, and, since they are wholly responsible for it, they must suffer the consequences of its construction and meaning. Shropshire v. Commerce Credit Co., supra; 39 Cyc. 1051, note 43.

■ The remaining question is whether the judgment pleaded by appellee as a partial basis of his usury claim is res adjudicata of all matters and things sought to be recovered by him in this suit. We have concluded that it is res adjudicata of the judgment rendered in this cause against appellant United States Bond & Mortgage Company, but that it is not so with reference to the respective judgments here rendered against appellants Dallas Trust & Savings Bank and Connecticut General Life Insurance Company, in favor of appellee.

The judgment against the United States Bond & Mortgage Company is based entirely upon the interest collected on its judgment against appellee in the district court of Dallas county. The suit was for a recovery upon the four remaining interest notes executed in connection with the $3,000 loan contract. The recovery in that suit was therefore to that extent upon the loan contract. The contract was usurious in its incipiency. The pleadings and the record in that suit show without dispute that, in so far as it affected these four interest notes, appellant United States Bond & Mortgage Company there tendered appellee every issue concerning them, including that of usury. It is also without question that, had appellee interposed the defense of usury in that suit, he could have defeated a recovery upon these notes; so it must follow that as to any usury paid in satisfaction of or as included in that judgment the plea in abatement in this case should have been sustained, for it is without question res adjudicata to that extent.

■■ The doctrine of res adjudicata rests upon the salutary and sound principle that there must be an end to litigation. Ruling Case Law, vol. 15, p. 969; 39 Cyc. 1034; Nichols v. Dibrell, 61 Tex. 539; Thompson v. Lester, 75 Tex. 521, 14 S. W. 20; Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am.

St. Rep. 79, in which case the Supreme Court announced the following test in determining, the issue of res adjudicata:

"A party cannot litigate matters which he might have interposed, but failed to do, in a prior action between the same parties, or their privies, in reference to the same subject-matter. And if one of the parties fail to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so."

■ Appellee recognizes this well-established rule, but contends that, since both the Constitution and the statutes pursuant to it declare contracts providing for usury void to the extent of the amount or value of the interest, a judgment for usurious interest should also be declared void and of no effect. It is also urged that since by statute a cause of action to recover usury does not arise until it is paid, that a judgment for usury could not adjudicate the issue so as to preclude the statutory action until that judgment was paid. Although these contentions find support in some states having usury statutes similar to ours, as is shown by the authorities (39 Cyc. 1034, and the cases cited in notes 7 and 8 in support of the text), as yet they do not find support in Texas (Chandler v. Young [Tex. Civ. App.] 216 S. W. 484; Bomar v. Smith [Tex. Civ. App.] 195 S. W. 964). These authorities hold that, since usury must be specially pleaded, the issue cannot be raised for the first time in a suit to set aside a judgment in which usury is included, and that in a suit in which the defense of usury was either overruled or omitted to be introduced, the judgment is conclusive as to it and cannot thereafter be collaterally attacked as being tainted with usury. The trial court's judgment against appellant United States Bond & Mortgage Company, in favor of appellee, will therefore be reversed and judgment here rendered for it.

■ The judgment pleaded is not res adjudicata of appellee's judgments against appellants Dallas Trust & Savings Bank and Connecticut General Life Insurance Company, respectively, for the following reasons: First, they were not parties to that suit and judgment. Second, that judgment did not involve nor attempt to litigate their claim of right to exact and receive the interest they collected under the written loan agreement. Third, the only issue as to usury tendered appellee in that suit was whether or not the four interest notes there declared upon were usurious when viewed in the light of the entire loan contract for $3,000, of which they were a constituent part.

■ These appellants were not parties to the suit, and had appellee answered in that suit he could not have obtained any relief against either of them. To have entitled him to relief against them he would have been

compelled to have impleaded them as parties. That the claim of right of appellant Dallas Trust & Savings Bank to collect and receive $314.10 interest as due upon the $3,000 loan contract for the first year was involved in that suit is wholly without merit. This appellant collected the $314.10 long before that suit was filed. It is not disputed that that $314.10 was collected as interest on the $3,000 principal loan used by appellee for only about eleven months of the first year of the contract. Neither can it be contended that that judgment in any manner adjudicated the right of the appellant Connecticut General Life Insurance Company to thereafter collect and receive upon the $3,000 principal loan the $447 collected and received by it as interest for the two years appellant used the money borrowed. The fact that appellant United States Bond & Mortgage Company had the right to institute the suit to collect the four notes held by it as a part of the original loan agreement without making either of the other appellants a party to that proceeding is sufficient proof that the contract in its enforcement was divisible. Equity would certainly require the appellants to enforce their separate and distinct rights so as not to make the contract usurious, and each is charged with notice of the usurious terms of the contract.

 Usury may be recovered of any person, firm, or corporation knowingly exacting or receiving it. Constitution and Statutes, supra; 39 Cyc. 1035, and notes and cases cited in notes 21 and 22. One receiving interest on a contract usurious on its face is charged with knowingly exacting or receiving it. Shropshire Case, supra. The payment of usury to various holders of notes constituting constituent parts of one loan contract or transaction, which is on its face or in its incipiency usurious, would authorize the one who paid it to recover of each holder, either in a separate suit against each, or in one in which all are joined, double the amount paid to each, it being shown that the total paid to all exceeds 10 per cent. per annum on the amount of the loan. Where the loan contract is divisible so as to authorize the various holders of notes constituting constituent parts of it to bring suit on their respectives notes without making other holders of constituent notes parties, the contract is divisible, and a separate cause of action will arise against each holder for double the amount of usurious interest he exacts or receives under the terms of the usurious contract.

 So in this case, the fact that one holder of notes exercised his separate right of suit to recover on them, and as to which the doctrine of res adjudicata applies, still that suit and judgment cannot be set up as a bar against a separate and distinct suit for usury collected on notes held by other holders who were not parties to the suit or judgment, and in which their right to collect interest on the notes held by them was not in any manner involved, although the respective rights of all grew out of the same loan contract or transaction. International & G. N. Ry. Co. v. Concrete Investment Co. (Tex. Civ. App.) 201 S. W. 718. So, in view of these facts and conclusions, we affirm the judgments of the trial court against the Dallas Trust & Savings Bank and Connecticut General Life Insurance Company, in favor of appellee.

Appellee's cross-assignment of error complains of the refusal of the trial court to cancel future interest and the deed of trust securing such future interest after having determined that the contract was on its face usurious, but we do not find it necessary to discuss this question, since the Commission of Appeals in the opinion in the Shropshire Case, supra, denied that right on a plea similar to the one presented here upon certain equitable grounds.

The trial court's judgment is affirmed in part and in part reversed and here rendered in accordance with this opinion.

Affirmed in part, and in part reversed and rendered.

### On Motions for Rehearing.

On February 17, 1926, we filed our opinion herein, holding that the loan contract in suit was usurious on its face, or in its incipiency, but that the judgment pleaded as partial basis for usury was res adjudicata to that extent of appellee's claim. Motions for rehearing were filed by both appellants and appellee, which on suggestion of counsel we have held pending final disposition by the Supreme Court of the case of Shropshire v. Commerce Farm Credit Co., 30 S.W.(2d) 282, the contracts in the two cases being practically identical, and the material facts being similar.

On May 16, 1931, the Supreme Court delivered its opinion overruling the motion for rehearing in the Shropshire Case, holding that contract usurious on its face, or in its incipiency. We do not deem it necessary to further discuss the grounds upon which the court determined the contract to be usurious, but overrule appellants' motion as regards usury upon the authority of that decision, and also overrule appellee's motion for a rehearing.

Motions overruled.