## JONES et al. v. McCLATCHEY.

### No. 3508.

Court of Civil Appeals of Texas. Amarillo.
March 25, 1931.

Rehearing Denied April 15, 1931.

Bean & Klett, of Lubbock, for appellants.

Vickers & Campbell and Douglas & Spiller, all of Lubbock, for appellee.

RANDOLPH, J.

This suit was filed by J. A. McClatchey, as plaintiff, against W. A. and J. F. Bacon and J. O. Jones, as defendants, and the parties will hereinafter be styled as in the trial court.

The plaintiff's suit was to recover the purchase price paid by him to defendants for 32.32 acres of land alleged to be a part of section 11, in block D–2, in Lubbock county, Tex., which the plaintiff claimed had been conveyed to him by the defendants at a time when they did not own it, and therefore he had paid them for property that he did not receive title to.

H. D. Beal intervened in the suit, claiming that he had previously conveyed said land to the defendants by warranty deed.

On trial of the case, the court submitted two issues to the jury, which, after giving explanatory paragraphs and definitions, were as follows:

"Special Issue No. One: Do you find from a preponderance of the evidence that the true boundary line between Sections 10 and 11 is the line testified to by surveyor A. L. Harris?

"If your answer to the above special issue is in the affirmative, then you need not answer the following special issue, but if it is in the negative, then please answer this following special issue:

"Special Issue No. Two: Do you find from a preponderance of the evidence that the true boundary line between Sections 10 and 11 is located on the three mounds a few feet east of the old fence line pointed out by the defendant J. O. Jones to the plaintiff J. A. McClatchey?"

The jury answered the first issue in the affirmative, and, following the instructions of the court, did not answer the second. The court thereupon rendered judgment in favor of plaintiff and against defendants for the sum of $1,784.70.

Following the holding of this court in the case of Parkinson v. Sears, 290 S. W. 556, and in the case of J. A. McClatchey v. A. W. Worsham (No. 3297) (not for publication) we hold that the jury's finding that the Harris line between the two sections is the true boundary line, and we will not again discuss that question.

The plaintiff, in his petition, alleged in substance as follows: That on August 2, 1920, he purchased from the appellants Bacon, Jones, and Bacon the west half of section 10, block D–2, containing 320 acres of land, and paid and agreed to pay appellants $35 per acre for and did in fact pay a portion of said purchase price at the time and executed his notes for the balance, which have since been paid. That prior thereto appellants had sold and conveyed to A. W. Worsham by warranty deed the east half of section 10, containing 320 acres. That, in the negotiations between appellee and appellants relative to the sale to appellee of the west half of section 10, the appellants represented that they were selling him 320 acres of land. That in the negotiations leading up to his purchase of said tract of land, he talked with appellant J. O. Jones, who was acting for himself and the other appellants, and who took appellee out and pointed out the stakes and mounds indicating the boundaries, and represented to him that they were selling him the land located inside of said boundaries, and that said corners and boundaries were correctly and truly marked on the ground for said west half of section 10. That appellee was not familiar with and did not know where the true corners of said 320 acres of land were actually located on the ground, and relied solely upon the representations of the said J. O. Jones, and believed his statements pertaining thereto. He further alleged that he did not know at the time that there was any shortage in the acreage thereof or that there was any controversy in the vicinity between the owners of adjoining tracts of land relative to true location of lines, boundaries, and corners, etc. That subsequent to the time of his purchasing he ascertained that there was some doubt and uncertainty as to the true location of the boundaries and acreage of said tract of land, and in 1927 and 1928 finally ascertained where the true boundaries were. That in truth and in fact

the west line of the 320 acres of land he purchased from appellants was located about 102 varas east of the line as pointed out to him by Jones, and by reason thereof he has lost 32.32 acres of land. That the tract of land so pointed out to him by J. O. Jones overlapped onto section 11, which lies immediately west of section 10, to the extent of 32.32 acres. That appellee was the owner of said section 11. Appellee prayed that he recover as against appellants the amount of purchase money he had paid to them for said 32.32 acres of land.

Defendants and intervener filed an answer consisting of a general demurrer, general denial, and then further alleged, in substance, as follows: That the said Bacon, Jones and Bacon had theretofore, on August 2, 1920, sold to the appellee 320 acres of land, which said tract was pointed out to him, and its boundaries and corners, being then fixed and marked on the ground, were also pointed out to him, they having been theretofore placed by the county surveyor of the county; that the northwest and southwest corners and the middle point of the west boundary of said tract of land were so pointed out by J. O. Jones as being slightly to the eastward of a fence then standing between the pastures of McClatchey and of the said Bacon, Jones, and Bacon. They further alleged that, if the true west boundary line of section 10 was not at the places so marked and designated and pointed out to appellee, nevertheless they were the owners of said land lying eastward of said fence, including the 320 acres so pointed out by appellants, having acquired it from intervener Beal; that the deed of conveyance to appellee was intended to convey him all the land within the 320 acres so pointed out to him, and if it did not by its terms so convey said land to said appellee, thereafterwards in a suit brought by appellee against A. W. Worsham, in which said suit these same appellants were parties defendant, judgment was rendered reforming the deed theretofore made to appellee so as to include the very land that had been pointed out to him; and that judgment had been rendered in such suit reforming said deed and fixing its west boundary line at the stakes and mounds just east of the 'old fence between McClatchey's pasture and that of the defendants and appellants herein; that the old fence had been standing for about eighteen years and had been during all of said time recognized, maintained, and claimed as being on or quite near the boundary between said sections 10 and 11; that the appellee at the time of his purchase and at all times during his ownership of section 11 had recognized the fence as being on or within a few feet of the boundary line, and knew or by the exercise of ordinary diligence could have known that said fence had been standing at that position for a great many years, and that

appellants had also recognized said fence as being on or near the line. Appellants and said Beal further alleged that the said McClatchey and those who had owned section 11 prior to his acquisition thereof, and the said Beal during his ownership of section 10, and all other persons having to do with said lands or any of them at any time, had for many years recognized the dividing line between section 10 and section 11 as being the old fence, or near thereto; that by reason of the foregoing facts appellee was estopped to claim that the boundary line between his section 11 and the lands he had purchased from appellants was at any other place than the corners and mounds pointed out to him at the time of his purchase.

Appellants and said Beal further alleged that appellee was estopped to deny that the boundary line between his section 11 and the land purchased from appellants on August 2, 1920, is at any other place than pointed out to him by Jones, and is estopped to claim that he was the owner of 32 acres for which he sought the value thereof, because the question had theretofore been litigated between said parties in a suit that had been brought by appellee McClatchey against A. W. Worsham and against said Bacon, Jones, and Bacon, in which said suit H. D. Beal had intervened, which said suit had been prosecuted in the Ninety-ninth district court of Lubbock county, Tex., wherein judgment had been rendered reforming the deed made to appellee so as to include the very land pointed out to him at the time of his purchase, and the very land he now seeks to recover the value of; that said suit was appealed to the Court of Civil Appeals for the Seventh Supreme Judicial District of Texas, and judgment there rendered affirming the trial court, said Court of Civil Appeals further holding that there had been an agreement of boundaries as between McClatchey and the other parties.

The appellants also pleaded the two-year statute of limitation, claiming that appellee's cause of action, if he ever had any, for recovery of money that had been paid for said 32.32 acres, was barred by the two-year statute of limitation.

Appellants further answered that the appellee was the owner of section 11, which was immediately west of section 10, and had owned said tract of land, in so far as it lay west of the old fence, hereinabove referred to, for some time prior to August 2, 1920, on which said latter date he purchased the land over which this suit has arisen. That appellee, at the time of the purchase of said west half of section 10 from appellants, knew, or by the exercise of ordinary diligence should have known, that there was a controversy existing in that neighborhood as to the true and correct location and boundary

lines of the surveys of land in that vicinity, and especially with reference to the boundary lines of sections 10 and 11 and other adjoining surveys; and that with such knowledge he entered into negotiations with appellants and purchased from them as a part of section 10 the west 320 acres of land lying immediately east of said old fence, intending at the time that the boundary between said section 11 and the land he was purchasing was at the mounds and corners theretofore placed by Harris, and at the time he purchased pointed out to him by J. O. Jones; and that by such acts and conduct appellee assumed the risk of the boundary line being at the place so pointed out to him by J. O. Jones, and so recognized by him at that time as being the correct boundary line between sections 10 and 11, well knowing, or at any rate being charged with notice of, the fact that, if the true boundaries of the east line of section 11 should be determined to be east of the lines pointed out to him by Jones for the west line of section 10, he would lose acreage by reason thereof. That on account of such acts and conduct, appellee is now estopped to claim that the boundary between his section 11 and the tract of land purchased from appellants is at any other place than the mounds and corners pointed out by J. O. Jones; and that his acts in the premises were equivalent to agreement to the boundary between the lands of appellee in section 11 and that of appellants that they were selling to him.

Plaintiff filed his supplemental petition in which he further specially pleaded, in substance, as follows: That at the time he purchased section 11 and the west half of section 10 he did not know where the true boundary lines of either of said tracts were located on the ground. That he purchased section 11 in October, 1919, from T. H. Sears and T. E. Barbee, and that the deed to him recited that it conveyed 640 acres; that he did not have it surveyed at the time he purchased it; that on August 2, 1920, he purchased from appellants the west half of section 10, which was conveyed to him by deed of general warranty in which it was represented that the tract contained 320 acres, and that he bought the land on the promise or representation that it did contain 320 acres. That J. O. Jones showed him the land and pointed out certain mounds, which he represented were the true corners and boundaries of the west half of section 10, and that it was several years thereafter before appellee discovered the true east boundary line of section 11, which is the west boundary line of section 10, was located at a point approximately 100 varas east of the mounds and stakes which J. O. Jones had pointed out; that shortly after ascertaining the true boundaries were not at the place pointed out by Jones he filed a suit against A. W. Worsham, owner, and Bacon, Jones, and Bacon, warrantors, of the east half of section 10, for the purpose of establishing the true and correct boundary line of the west half of section 10 at a place about 100 varas east of where it had been pointed out to him by J. O. Jones. That in said suit the deed to appellee was reformed so as to include the very land pointed out to him by J. O. Jones, but that said court found that the true west line of the west half of section 10 was about 100 varas east of where it had been pointed out by J. O. Jones. He further alleged that the east line of section 11 and the west line of section 10 is a common line, and that its true location was about 100 varas east of where the said J. O. Jones pointed it out and had been so found in the suit, and that the reformation ordered in said suit had taken from appellee 32.32 acres of land; and that said deed as reformed conveyed to appellee 32.32 acres out of section 11, and to that extent was void, and by reason thereof he is entitled to recover in this suit $35 per acre for said land, being the purchase price.

The defendants, appellants, present the following proposition of error on the part of the trial court: "Since the undisputed evidence in this case shows that the subject-matter of this suit has heretofore been litigated between the same parties, and finally disposed of in this Court, the Trial Court should have submitted to the jury the defendants' peremptory instruction, as requested."

As shown above, the matter in controversy in this suit is the recovery of the sum of money alleged to have been paid for 32.32 acres of land off the east boundary of section 11, under a conveyance which called for the land to be part of the west half of section 10, and it was necessary to entitle the plaintiff to recover for him to show by the evidence that the true west boundary line of section 10 did not include the land conveyed to him and for which he paid the defendants. A sketch of sections 10 and 11, showing the claimed boundary lines and the true boundary lines is here presented:

The plaintiff owned section 11. He also became the owner of the west ½ of section 10 by purchase from the defendants. In the suit of J. A. McClatchey v. A. W. Worsham et al. (No. 3297) in this Court (the opinion in which is not for publication), the plaintiff in this cause was the plaintiff in that. While the defendant Worsham in that case is not a party in this, the other defendants in that case, as also the intervener in this, were parties both in that case and in this. The question in the case of McClatchey v. A. W. Worsham et al. involved the true location of the east boundary line of the west half of section No. 10. The location of a certificate for land in the attempt to ascertain the true eastern boundary necessarily involves the location of its other boundaries. The contest in the Worsham Case, as between McClatchey and Worsham ·by reason of this boundary question, really involved the strip of land on the eastern boundary of the west half of section 10 and between the true line and the old fence line, but that does not limit the question of location, for the ascertainment of the true location of the west half of section 10 was the matter to be determined in that suit.

Again, McClatchey being the owner of section 11, which called for section 10, the location of section 11 could have been determined in the Worsham suit if it was not, in fact, being directly litigated in that suit. In fact, the west boundary line of section 10 was located by the judgment in the Worsham Case.

It will be seen by reference to the judgment in the Worsham Case that the deed to A. W. Worsham was reformed in so far as the description of the land is concerned so as to conform to the true line, or Harris line, and that the deed from J. O. Jones, W. A. Bacon, and J. F. Bacon to J. A. McClatchey, dated August 2, 1920, and recorded on page 413 of vol. 65 of the deed records of Lubbock county, was reformed so as to read:

"That certain tract or parcel of land situated in Lubbock County, Texas, and being the west half of Section 10 in Block D–2,

"Beginning at a stake set by Harris at the north end of the fence between A. W. Worsham and ·J. A.·McClatchey pastures;

"Thence west 950.4 varas to stake set by Harris;

"Thence south 1900.8 varas to stake set by Harris;

"Thence east 950.4 varas to stake set in the road;

"Thence north along the fence between Worsham and McClatchey pastures 1900.8 varas to the beginning, and containing 320 acres of land."

The Worsham Case having been submitted to a jury, the court, upon the answers of the jury to the issues submitted to them, render-ed judgment in favor of the defendant Worsham for the strip of land lying between the Harris line and the old fence line. This judgment ascertaining that the true boundary line between said sections was the Harris line and locating section 10 accordingly, and by reason of the court's judgment giving to Worsham the disputed strip, it necessarily decreed the land conveyed by the defendants to plaintiff was short in the amount of 32.32 acres. This, because the judgment involved the location of the west boundary line of survey 10, and the plaintiff being a party to the suit and being the owner of section 11, immediately west of and adjoining survey 10, was concluded by said judgment to the ownership of the west half of section 10, as so reduced in acreage. It is therefore apparent that the matter of the boundary of sections 10 and 11 herein litigated was formerly litigated in the suit of the plaintiff v. Worsham et al. In that suit the plaintiff did not seek to recover any excess payment for the land purchased by him. It was apparent that, if he failed in that suit, and that if his ownership of the west half of section 10 was limited to the old fence line on the west and the Harris line on the east, the west half of section 10 would be decreased the 32.32 acres. In the Worsham suit the plaintiff could have litigated his right to recover the purchase money paid to the defendants for the 32.32 acres of land, but did not see fit to do so. This being true, the rule applies that matters that could have been litigated in that suit are presumed to have been litigated or waived in such suit.

A valid final judgment rendered upon the merits constitutes an absolute bar to a subsequent action between the same parties upon the same claim or demand. It is a finality as to the claim or demand in controversy, concluding the parties or those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Belcher Land-Mtg. Co. v. Norris, 34 Tex. Civ. App. 111, 78 S. W. 390; Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79; Thompson et al. v. Lester, 75 Tex. 521, 14 S. W. 20.

The presumption is that every matter that could have been adjudicated in a former suit was before the court and is concluded by the judgment. Johnson v. Murphy's Adm'rs, 17 Tex. 216.

A former judgment concludes the parties thereto, not only as to every matter which was offered and received to sustain the claim or demand, but as to any other admissible matter which might have been offered for that purpose. City of Houston v. Walsh, 27 Tex. Civ. App. 121, 66 S. W. 106 (writ denied).

A plea of res judicata applies to every

matter which the parties might have had properly litigated and decided. Nichols v. Dibrell, 61 Tex. 539.

A former judgment is conclusive between the same parties and those claiming under them. It interposes a complete bar to further litigation so long as it remains in full force. The matter therein adjudicated, or that might have been adjudicated, cannot again, in another suit, be inquired into, but it must appear to have been a judgment on the merits. Weathered v. Mays, 4 Tex. 387.

The fact that Worsham was one of the defendants in the former suit and judgment does not affect the rule. That the parties in the first suit are not identically the same as those in the second suit when the first case was decided on the merits is no answer to the plea of res judicata; otherwise, no matter how often a case be decided, the parties might renew the litigation by simply joining with them a new party, or, as in the case at bar, leaving out of the second suit one of the parties to the first. Girardin v. Dean, 49 Tex. 243. See, also, Russell v. Farquhar, 55 Tex. 355.

The writer's views upon the question of res judicata as applied to this case are fully set out in the preceding discussion of this case, in which the other members of the court do not concur; but we all agree upon the following statement and discussion as sustaining the said plea and the plea of estoppel:

This record shows that the judgment in cause No. 3297 had become final. That in said case the interveners therein, who are appellants herein, pleaded that on and prior to August 2, 1920, the plaintiff in said cause, who is appellee here, was the owner of section 11, located immediately west and adjacent to section 10. That prior to the last-mentioned date, the interveners had caused the county surveyor to mark the four corners of the west half of section 10 by stakes, which were standing at the time interveners conveyed the west half of section 10 to McClatchey. That the interveners agreed to sell and did sell to McClatchey, the plaintiff in this suit, the identical tract of land lying within the boundary line indicated by said stakes. That the plaintiff agreed to purchase and did purchase from interveners said identical tract of land, which was pointed out to him. That the line extending from the stake so placed for the northwest corner of section 10 to the stake so placed for the southwest corner of section 10 ran very near and approximately coincident with an old fence that had for many years been recognized by all the parties as the division line between sections 10 and 11, and that said recognized line was the common and agreed boundary line between said surveys. That plaintiff had agreed to said line as the boundary line between sections 10 and 11, and had acquiesced in the location thereof as an agreed line, by all of which he was estopped to claim the location of said line at any other place.

The interveners alleged that, if the land described in their deed to plaintiff was not the identical land included within the boundaries indicated by the stakes pointed out to him, the description in the deed was made through mutual mistake of the parties, and asked that the deed be corrected and reformed so as to describe the identical land included within the boundaries indicated by said stakes.

The jury found, in effect, in the trial of cause No. 3297, that McClatchey and interveners understood and agreed at the time of the transaction that the land purchased by McClatchey lay wholly within the four stakes caused to be placed by interveners and pointed out by them to McClatchey.

The court rendered judgment reforming the deed from interveners to McClatchey and describing his land as heretofore set out.

The interveners having pleaded that, prior to the purchase by McClatchey of the west half of section 10, McClatchey had agreed to the boundary line between sections 10 and 11, the line indicated by the stakes at the northwest and southwest corners of section 10 manifestly put in issue such line as an agreed boundary. The jury having found that the plaintiff, by agreement with interveners, purchased the identical land lying within the boundaries indicated by the stakes pointed out to him, and the court having reformed the deed to comply therewith, the question of agreed boundary was necessarily determined in the former suit and the appellants' plea in this cause of res judicata and estoppel should have been sustained and the jury directed to find a verdict in their behalf. Hermann v. Allen, 103 Tex. 382, 128 S. W. 115.

We therefore hold that plaintiff McClatchey was estopped from bringing this, his second suit, against the defendants. As he was estopped from doing so, the judgment of the trial court herein is reversed, and, as the case has been fully developed, the judgment in this case is here rendered that the plaintiff McClatchey take nothing by his suit against the defendants herein, and that the trial court's judgment as to the interveners be and is not disturbed.