### ASHORN et ux. v. FARMERS ROYALTY HOLDING CO. et al.

### No. 11168.

Court of Civil Appeals of Texas. Galveston.

April 3, 1941.

Glenn & Hill, of Sealy, for appellants.

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, Okl., and Hollis Massey, of Schulenburg, for appellees.

CODY, Justice.

This suit is one in trespass to try title to two tracts of land in Austin County brought by appellants against appellees. Appellants alleged that on December 16, 1931, and for a long time prior thereto, certain tracts of land constituted their homestead; that on said date Farmers Royalty Holding Company and G. T.

Blankenship unlawfully entered upon an undivided half interest of the minerals in and under said tracts of land, and dispossessed them, and have ever since by themselves and their successors in interest withheld possession thereof from appellants. They also alleged that two certain deeds to Farmers Royalty Holding Company and G. T. Blankenship respectively had been obtained from appellants to the said interest in minerals upon certain specified acts of fraud. Appellants further alleged that the notary public taking the acknowledgment of appellant Mrs. Mary Ashorn, the wife of appellant Willie Ashorn, was not taken privately and apart from her husband, and that the description of the land, wherein the undivided half interest of the minerals were situated, contained in said deeds at the time of their delivery was fatally defective. And upon said grounds appellants sought the cancellation of said deeds.

Appellees answered, among other things, by a plea of res adjudicata in bar of appellants' suit, that on or about the 12th day of March, 1934, said appellants, as plaintiffs, filed in the same court (i.e., the district court of Austin County), a suit entitled Willie Ashorn et ux. v. G. T. Blankenship et al., numbered on the docket of said court No. 7028, and that on June 29, 1934, said court entered judgment therein. The copy of the judgment which appellees pled in bar was attached to their said answer.

By agreement of the parties, the court first took up and passed upon appellees' plea of res adjudicata. In support of said plea, appellees introduced the following:

(1) The pleadings which had been filed by the parties in cause No. 7028.

(2) An application to the Court signed by appellants and their attorney, requesting that an agreed judgment (the substance of which was set forth) be entered in said cause, concluding with these words: "In acknowledgment of our entire satisfaction with this disposition of said cause, we especially implore and invoke this character of judgment in this, the above-entitled and numbered cause."

(3) The agreed judgment which was rendered by the court on June 29, 1934.

From an examination of appellants' petition in cause No. 7028, it appears that, in substance, the allegations thereof present substantially the same grounds for relief, as is presented in their present petition. However, appellants have added in their present petition the allegation that the description contained in the aforesaid deeds (dated December 31, 1931) was not contained in said deeds at the time appellants executed them.

From the judgment it appears that appellants appeared before the court in cause No. 7028 in person and by attorney, and further,

"It appearing unto the court that the plaintiffs and defendants have importuned this Court to enter a judgment in said cause in conformity with an agreement; and,

"It appearing unto the Court that such agreement is fair; that it is advantageous to both the interest of the plaintiffs and the defendants; that it is fairly made and fairly entered into and should be made the judgment of this Court; and,

"It appearing unto the Court that the mineral deeds as set forth and described by the plaintiffs in their original petition, executed by them to the Farmers Royalty Holding Co. and G. T. Blankenship, the rescission of which is a part of the subject matter of this suit, is hereby in all respects denied, and said mineral deeds are hereby fixed and established as valid and subsisting mineral deeds, divesting the plaintiffs of three-eighths of the mineral fee estate in said land in favor of the defendant Farmers Royalty Holding Co., and a one-eighth of the mineral fee estate in said land in favor of the defendant G. T. Blankenship, so that the ownership of the entire mineral fee estate in said land is hereby established and fixed, as between the plaintiffs and defendants, and a one-half of the entire mineral fee estate in said land in the plaintiffs; three-eighths of the entire mineral fee estate in said land in the defendant Farmers Royalty Holding Co.; and a one-eighth of the entire mineral fee estate in said land in the defendant G. T. Blankenship, so that each cotenant shall hold such undivided interest as is herein accredited freed from the claim of the other, each being entitled to all of the rights appendant and appurtenant arising out of the estates herein accredited unto each separately as each separately owns an undivided interest in the entire mineral fee estate in said land." The judgment, in an exhibit thereto attached, fully described the land by metes and bounds.

It is appellants' contention on this appeal, phrased in various ways, that the

court erred in sustaining appellees' plea of res adjudicata "because", as appellants state, "nothing was legally adjudicated in the former suit since the judgment of 1934 attempted to validate void deeds."

Among the issues made by appellants' petition in cause No. 7028 was one that the mineral deeds described in their petition in said cause was void because said mineral deeds undertook to convey an undivided mineral interest in their homestead, and that such deeds were not executed by the wife in the manner required by law to convey an interest in homestead property. It is quite clear from the record in cause No. 7028 that the court had jurisdiction over appellants in cause No. 7028, and over the defendants in said cause. It is equally clear from the record in said cause that the court had jurisdiction of the subject matter of the suit. The court therefore had the jurisdiction to determine the issues made by the pleadings in said cause. If the court had jurisdiction to determine the issues made by the pleadings in cause No. 7028 and, not being infallible, it had the power, at least it was subject to the possibility, of deciding such issues erroneously. The remedy of a party to an erroneous judgment is to correct it by appealing the cause, and having the error of the trial court corrected. Indeed, it is only the entire want of power in a court to render the judgment which it does render which can make the judgment void. Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66, 68. A party to an erroneous judgment cannot disregard it, and at a later date file a new suit which puts in issue matters which have been determined against him in another suit against the same parties or their privies. "The doctrine of res adjudicata rests upon the salutary and sound principle that there must be an end to litigation." Ruling Case Law, Vol. 15, p. 969; 39 Cyc.; Nichols v. Dibrell, 61 Tex. 539; Thompson v. Lester, 75 Tex. 521, 14 S.W. 20; Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am.St.Rep. 79, in which case the Supreme Court announced the following test in determining the issues of res adjudicata: " 'A party cannot litigate matters which he might have interposed, but failed to do, in a prior action between the same parties, or their privies, in reference to the same subject-matter. And if one of the parties fail to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so.' " Dallas Trust & Sav. Bank v. Brashear, Tex. Civ.App., 39 S.W.2d 148, 151.

The issue of whether the mineral deeds in question were invalid was expressly made by appellants' pleadings in cause No. 7028, and not one which was waived by not being raised by the pleadings. Had the cause been tried upon the merits, the judgment rendered therein would have been binding upon the parties thereto, and upon their privies. But an agreed judgment was entered in cause No. 7028, and " 'Any judgment which the parties to a suit cause to be entered by a bona fide agreement, no fraud being practiced in it, is binding upon them regardless of what the pleadings and evidence may be, and such judgment is conclusive as an estoppel.' "

"To the same effect are the holdings in Sandoval v. Rosser, 86 Tex. 682, 26 S.W. 933; Dunman v. Hartwell, 9 Tex. 495, 60 Am.Dec. 176; Tait v. Matthews, 33 Tex. 112; Shawver v. Masterson, Tex.Civ.App., 65 S.W.2d 1111." Logan v. Mauk, Tex.Civ. App., 126 S.W.2d 513, 515. And, "Just as any other judgment, a consent judgment is conclusive as to matters adjudicated and is not subject to collateral attack except on jurisdictional grounds. 'A final judgment on the merits is just as conclusive on the merits if entered by consent as if entered after contest.' " 25 Tex.Jur., p. 389, par. 26.

The appellees in this suit are the same persons as were defendants in cause No. 7028, or they are successors in interest to them in and to the mineral interest in the land. And appellants are the same persons as the plaintiffs in cause No. 7028. The judgment entered in cause No. 7028 concluded against the appellants, and in favor of appellees or their predecessors in interest, the rights which appellants in the instant case seek to re-litigate. The court correctly sustained appellees' plea, and the judgment of the trial court is therefore in all things affirmed.

Affirmed.