**KVETON v. FARMERS ROYALTY HOLD-
ING CO. et al.**

No. 11170.

Court of Civil Appeals of Texas. Galveston.

April 3, 1941.

Glenn & Hill, of Sealy, for appellant.

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, Okl., and Hollis Massey, of Schulenburg, for appellees.

CODY, Justice.

This is a companion case to that of Willie Ashorn et ux. v. Farmers Royalty Holding Company et al., 149 S.W.2d 995, opinion in which is this day handed down affirming the judgment of the trial court therein. However, the record in this case is not in all respects parallel to the record in the Ashorn case.

The appellant, Mrs. Albert Kveton, brought this suit in the district court of Austin County, against Farmers Royalty Holding Company, Farmers Mutual Royalty Syndicate, Inc., and M. L. McLain and A. G. Matlage, for cancellation and annulment of certain mineral deeds, and for the cancellation and annulment of a mineral lease held by said A. G. Matlage. She alleged that on October 14, 1931, and for a long time prior thereto, and ever since that time, she was and has been the owner in fee simple of seven tracts of land which are located in Austin and Colorado Counties, and in said petition she described the seven tracts of land by metes and bounds; further, that on said date, G. T. Blankenship and Farmers Royalty Holding Company did unlawfully enter upon said land and dispossess plaintiff of an undivided half mineral interest in said seven tracts of land, and have ever since withheld possession of said mineral interest. The petition then alleges that G. T. Blankenship and Farmers Royalty Holding Company obtained mineral deeds from her to a portion of the mineral interest in the seven tracts of land. In addition to the allegations of about the same facts as were alleged by Willie Ashorn and wife in the Ashorn case as to the fraud in obtaining said mineral deeds, and as to fault in taking acknowledgment, etc., the appellant further alleged that the description of the land in which said deeds purported to convey said mineral interest was insufficient to identify any land, and that said deeds were therefore null and void. Appellant's petition contained other allegations, but which are not pertinent to the inquiry of whether the court erred in sustaining appellees' plea of res adjudicata.

Appellees' answer contained, in connection with their plea of res adjudicata, allegations to the effect that in March of 1931 appellant filed suit in the district court of Austin County, which was entitled "Mrs. Albert Kveton, a feme sole, v. G. T. Blankenship et al.", and numbered 6980 on the

docket of said court; that judgment was entered in said case on June 29, 1934, finally adjudicating the rights of appellant and the defendants in said suit, in and to the undivided mineral interest which appellant seeks to re-litigate. Appellees alleged that the defendants in said cause No. 6980 other than appellee Farmers Royalty Holding Company were privies to said defendants.

By agreement of the parties the court first took up appellees' plea of res adjudicata. In support of this plea, appellees introduced into evidence the following:

1. The pleadings of the parties in cause No. 6980, inclusive of appellants' petition.

2. An application, signed by appellant and her attorney, requesting the court to enter an agreed judgment (the substance of which was therein set forth) in the case.

3. The agreed judgment which was entered in said cause.

The pertinent parts of the judgment are as follows:

"It appearing unto the Court that the plaintiffs and defendants have importuned this Court to enter a judgment in said cause in conformity with an agreement; and

"It appearing unto the Court that such agreement is fair; that it is advantageous to both the interest of the plaintiffs and the defendants; that it is fairly made and fairly entered into and should be made the judgment of this Court; and,

"It appearing unto the Court that the mineral deeds as set forth and described by the plaintiffs in their original petition, executed by them to the Farmers Royalty Holding Co. and G. T. Blankenship, the rescission of which is a part of the subject matter of this suit, is hereby in all respects denied, and said mineral deeds are hereby fixed and established as valid and subsisting mineral deeds, divesting the plaintiffs of three-eighths of the mineral fee estate in said land in favor of the defendant Farmers Royalty Holding Co., and a one-eighth of the mineral fee estate in said land in favor of the defendant G. T. Blankenship, so that the ownership of the entire mineral fee estate in said land is hereby established and fixed, as between the plaintiffs and defendants, a one-half of the entire mineral fee estate in said land is hereby established and fixed, as between the plaintiffs and defendants, a one-half of the entire mineral fee estate in said land in the plaintiffs; three-eighths of the entire mineral fee estate in said land in the defendant Farmers Royalty Holding Co.; and a one-eighth of the entire mineral fee estate in said land in the defendant G. T. Blankenship, so that each cotenant shall hold such undivided interest as is herein accredited freed from the claim of the other, each being entitled to all of the rights appendant and appurtenant arising out of the estates herein accredited unto each separately as each separately owns an undivided interest in the entire mineral fee estate in said land. * * *

"By the terms minerals and mineral fee estate as said terms are used in this judgment is meant all minerals whether the same be oil, gas or other minerals, whether similar or dissimilar, and together with the rights of ingress and egress to explore for, mine, produce, treat and store the same, and the lands comprehended within this judgment are those lands described in an exhibit hereto attached, marked Exhibit 'A' for identification, and expressly made a part hereof precisely as if the same were copied herein."

### "Exhibit 'A'"

"Certain tracts or parcels of land, located, lying and being situated in the County of Austin and County of Colorado, State of Texas."

It nowhere appears from the record in cause No. 6980 as introduced in evidence in this case, that the two mineral deeds contained any more accurate description of the land to which they applied than "certain tracts or parcels of land, located, lying and being situated in the County of Austin and the County of Colorado, State of Texas." It is quite obvious that such description is wholly insufficient to identify any particular tracts of land in Austin or Colorado Counties.

Appellees insist that the question of the validity of the two mineral deeds arising out of the nature of the description of the land contained therein was necessarily determined in cause No. 6980. This may be true; and it may be true that the court also rendered judgment to the effect that the two mineral deeds covered the seven tracts of land described in appellants' petition in this case. But if the court did so determine, such determination was never incorporated in the judgment as recorded. In the case of Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, our Supreme Court,

1000

speaking through Judge Phillips, makes clear the difference between the judicial function of rendering a judgment, and the clerical function of entering the judgment which the Court has pronounced. If a part of the judgment which was rendered by the Court was not correctly entered, or was omitted, the court may, after term time, and after giving notice to the parties, by an order nunc pro tunc, correct the judgment as entered. If, however, a change is sought in the judgment as rendered, a direct action must be brought for that purpose. "To correct in the trial court, after adjournment of the term, a judgment as rendered, an independent action is necessary, as its jurisdiction of the case is at an end. In the latter instance [i. e., correction of the entry of the judgment] the court may, at a subsequent term, of its own motion or upon the application of parties, order the proper entry because the inherent power that it possesses as a court over its records endures for the sake of their verity." Id., 105 Tex. at page 497, 151 S.W. at page 1042.

 If the court in case No. 6980 in fact adjudged that the defendants in said suit had an undivided mineral interest in seven specified tracts of land belonging to appellant aggregating more than 2000 acres, or that the two mineral deeds covered said seven tracts, the judgment as entered fails to reflect such judicial action. If this is true, and if the doctrine of laches is not applicable, it will be a simple matter, by a nunc pro tunc order, to correct the entry. If, as appears from the record of cause No. 6980, as introduced in evidence herein, the court did not adjudicate what land the mineral deeds covered, then, of course, the defendants in said cause acquired no mineral rights in appellants' said seven tracts of land by said judgment. But in any case, the judgment as entered in the record of a court imports verity. And in applying the doctrine of res adjudicata only the judgment as entered of record in a prior action between the parties or their privies will be considered in passing upon whether said prior judgment makes the doctrine of res adjudicata applicable in a subsequent action between such parties.

Upon the foregoing considerations it is necessary to reverse the action of the trial court sustaining appellee's plea of res adjudicata, and remand the cause for a new trial. It is so ordered.

Reversed and remanded.